[No. 11279.    Department Two. — August 31, 1886.]

FREDERICK FREY ET AL., RESPONDENTS, v. M. H.
LOWDEN ET AL., APPELLANTS.

WATER RIGHTS — APPROPRIATION — EQUITY — INJUNCTION. — A court of
  equity has power to ascertain and determine, as between several appro-
  priators of the waters of a natural stream, the extent of the respective
  rights of each in the waters therein flowing, to regulate the use thereof
  in such a way as to maintain equality of rights in the enjoyment of the
  common property, and to enjoin a subsequent appropriator from inter-
  fering with the rights of the prior appropriators as ascertained and es-
  tablished by the court.

ID. — WATER DITCH — EVIDENCE OF CAPACITY — EXPERTS. — A witness who
  has had many years' practical experience in mining and measuring and
  selling water to miners, although not an expert in the science of measur-
  ing water, may testify to the carrying capacity of a particular water
  ditch.

APPEAL from a judgment of the Superior Court of
Trinity County.

The facts are stated in the opinion of the court.

*W. J. Tinnin*, for Appellants.

*Chadbourne & Hatch*, and *J. W. Philbrook*, for Re-
spondents.

McKEE, J. — This was an action to determine certain
rights claimed by the plaintiffs to the use of the waters of
a creek in Trinity County, known as the Grass Valley
Creek, to enjoin the defendants from infringing those
rights, and to recover damages for conversion of a por-
tion of the waters appurtenant to them.

The court finds that both plaintiffs and defendants
were owners and entitled to certain rights in the flow of
the waters of the creek, — the plaintiffs to rights appur-
tenant to two ditches, one known as the Ohio Flat
ditch, and the other as the Frey and Taylor ditch,
and to a saw-mill upon the creek known as Burn's saw-
mill, and the defendants to rights in the flow of the
same watercourse as appurtenant to two ditches of which

they were owners, one known as the Lowden Ranch ditch, and the other as the Lowden and Singleton ditch.

The right appurtenant to the Ohio Flat ditch was prior in time; that to the Lowden Ranch ditch was next in order. Subsequently, the right appurtenant to Burn's saw-mill was acquired, and that was followed by the acquisition of the right appurtenant to the Lowden and Singleton ditch, after which the plaintiffs acquired the right appurtenant to the Frey and Taylor ditch.

But plaintiffs and defendants derived their rights from appropriation under the statute laws of the state; and under the law, they, in the enjoyment of their rights, became and were tenants in common in the use of the flow of the stream, and entitled to appropriate from it to the extent of their rights in the order of time at which they had been acquired.

The times at which the several ditches had been constructed, and their capacities to carry water, and the purposes for which the water of the stream was appropriated and used by means of the ditches, are fully covered by the findings made and filed by the court under sections 632 and 633 of the Code of Civil Procedure. Upon these findings, the court, by its decree, fixed and established the respective rights of the parties, and regulated between them the use of the flow of the water of the stream according to priority of rights.

There is no doubt of the power of a court of equity to ascertain and determine the extent of the rights of property in water, flowing in a natural watercourse, acquired by persons who hold and are entitled to them, and to regulate between or among them the use in the flow of the water in such a way as to maintain equality of rights in the enjoyment of the common property.

But the principal assignment of error is, that the findings, conclusions of law, and judgment are not supported by the evidence; and it is specially assigned that the find-

ing "that the Ohio Flat ditch was entitled to one thousand inches of water " was made upon evidence given by witnesses for the plaintiffs, who had no knowledge of the science of measuring water, against the evidence of defendants' witnesses, who were experts,— "were educated and experienced in the measurement of water, and who did make the actual measurement on mathematical rules."

The capacity of a ditch is a question of fact which does not require for its proof unusual scientific attainments or peculiar skill; it may be established, like any other fact, by competent testimony; and the record shows that many of the witnesses called by the plaintiffs testified upon the subject from knowledge acquired by them in thirty years' experience in mining and in measuring and selling water to miners.    As non-experts, such witnesses were as competent as experts to testify to the fact; and although their statements as to the fact were contradicted by the opinions of experts, that only made a conflict in the evidence, which had to be determined upon the credibility of the witnesses themselves and the weight of their evidence.    The finding was therefore made upon substantially conflicting evidence; and a finding or verdict made upon such evidence is not reviewable.

The court did not err in overruling the objections made to the admissibility of the testimony of plaintiffs' witnesses; nor in denying the motions made to strike out their evidence.

Nor was it error to enforce by injunction a cessation of acts by the defendants injurious to the plaintiffs' rights as ascertained and established by the court.

We find no reversible error in the record.

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.