[No. 13764.   In Bank. — March 10, 1891.]

ROSE FOREMAN ET AL., RESPONDENTS, v. JAMES E. BOYLE ET AL., APPELLANTS.

WATER RIGHTS — DIVERSION OF STREAM — MISJOINDER OF PARTIES — JOINT ACTION FOR DAMAGES — SEVERAL OWNERSHIP. — The owners of two different tracts of land, each of whom owns a certain number of inches of the waters of a stream, and who have appropriated the amount of water owned by each by means of irrigating ditches leading from the channel of the stream to each tract, and carrying different amounts of water, neither owner having any interest in the land, water, or ditch of the other, have no joint or common interest which authorizes them to unite as plaintiffs in an action for damages against a third party for diverting the water, or which will sustain a joint judgment for damages.

ID. — INJUNCTION — NUISANCE — JOINDER OF PARTIES — DAMAGES. — The several owners of the waters of a stream may unite as plaintiffs in an action to restrain a diversion of the waters by a third person, or to abate an obstruction therein as a nuisance; but they cannot for that reason unite in an action for damages.

ID. — MISJOINDER OF PARTIES — MISJOINDER OF CAUSES OF ACTION — PLEADING — DEMURRER. — If the several owners of the stream join as plaintiffs in an action for damages for diverting the waters of the stream, and for an injunction to restrain the defendants from the further diversion thereof, the complaint is subject to a demurrer, both for a misjoinder of parties plaintiff and for a misjoinder of causes of action.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*Gray & Sexton*, for Appellants.

The plaintiffs seek a joint recovery of moneys in which they have no joint interest. (*Tennant v. Pfister*, 51 Cal. 512; Code Civ. Proc., sec. 367.) Two causes of action are improperly united in this action. (*Johnson v. Kirby*, 65 Cal. 488; Code Civ. Proc., sec. 427.) This whole case has been fully decided by the case of *Barham v. Hostetter*, 67 Cal. 272.

*Lewis Freer*, and *Jo D. Sproul*, for Respondents.

The plaintiffs were and are tenants in common at the point where the injury and diversion were committed by

the defendants, in both the ditch and water. The proprietors of ditches are tenants in common of real estate. (*Bradley* v. *Harkness*, 26 Cal. 76, 77.) Wherever ditches or other.structures for diverting and appropriating water belong to two or more proprietors, such owners are, in the absence of special agreements to the contrary, tenants in common on the ditch and of the water rights connected therewith, and these proprietary rights are governed by the rules of law regulating tenancy in common. (Pomeroy on Riparian Rights, sec. 59; *Bradley* v. *Harkness*, 26 Cal. 76, 77; *Carpentier* v. *Webster*, 27 Cal. 525; *Frey* v. *Lowden*, 70 Cal. 551.) Every interest created in favor of several persons in their own right is an interest in common. (Civ. Code, sec. 686; 2 Bla. Com., secs. 192, 193.) Being tenants in common, they were entitled to join in this action or sue separately. (*Lytle Creek W. Co.* v. *Perdew*, 65 Cal. 454; *Frey* v. *Lowden*, 70 Cal. 551; Code Civ. Proc., sec. 384.)

GAROUTTE, J.—This is an action for damages for diverting the waters of plaintiffs, and for an injunction to restrain the defendants from the further diversion thereof.

Among other things, the complaint, in effect, alleges that the west branch of Cañon Creek and Cañon Creek were natural watercourses, the waters of the former flowing into the latter; that the plaintiff Foreman owns a tract of land situated upon the west branch of Cañon Creek, and also fifteen inches of the waters of said creek for the purpose of irrigating her said tract of land; that the plaintiff Rogers owns a tract of land situated upon Cañon Creek, and also thirty-five inches of the waters of said creek for the purpose of irrigating his said tract of land; that plaintiffs, by means of ditches erected by them respectively, carried said waters from the aforesaid creeks over and upon their tracts of land; that the defendants, at a point above the lands of plaintiffs, diverted the said waters from their natural

channel, depriving said owners thereof, and by such diversion plaintiffs suffered damages in the sum of one thousand dollars.

A demurrer to the complaint was filed, upon the ground that there was a misjoinder of parties plaintiff and a misjoinder of causes of action. The demurrer was overruled; issue was joined, and upon the trial the findings of the court were in consonance with plaintiffs' complaint, except as to the allegation of damages, and as to that allegation the court found that the plaintiffs had suffered damage in the sum of five dollars.

The case comes before us upon the judgment roll.

It will be observed that the plaintiff Foreman owns a tract of land, fifteen inches of water, and the ditch which carries the water from West Cañon Creek upon her land. Her co-plaintiff, Rogers, has no interest whatever in the land, the water, or the ditch. Likewise, plaintiff Rogers owns a tract of land (some distance from Foreman's land), thirty-five inches of water, and the ditch which carries the water from Cañon Creek upon his land; and his co-plaintiff has no interest in such land, water, or ditch.

These plaintiffs claimed in their complaint, and obtained by decree of the court, a joint judgment for damages against the defendants.

It is impossible to see how the plaintiffs have any joint or common interest in the damages recovered, or upon what legal basis such damages could be apportioned between them. Respondents' counsel suggest that the plaintiffs are tenants in common, and the damages should be apportioned in proportion to the number of inches of water each owns. This cannot be the true rule, for it readily can be seen that for many reasons the diversion of the waters by defendants may have caused plaintiff owning fifteen inches of water far greater damage than would have been entailed upon plaintiff owning thirty-five inches of water.

Tenancy in common in ditches and water rights is no unusual estate, but the cases relied upon by respondents to establish a tenancy in common between the plaintiffs in this action in the waters of a natural channel, under the surrounding circumstances as depicted by the record in this case, are not in point, for the facts are essentially dissimilar.

It seems to us that the demurrer to the complaint should have been sustained upon both of the grounds stated.

There was a misjoinder of parties plaintiff; the plaintiffs seek a joint recovery of damages in which they have no joint interest. (*Tennant* v. *Pfister*, 51 Cal. 514.)

Two or more owners of mills propelled by water are interested in preventing an obstruction above that shall interfere with the downflow of the water, and may unite in its restraint or abate it as a nuisance, but they cannot hence unite in an action for damages, for as to the injury suffered, there is no community of interest. (Bliss on Code Pleading, sec. 76.)

There is a misjoinder of causes of action, and it is so held in *Barham* v. *Hostetter*, 67 Cal. 274. This question is carefully considered in *Blaisdell* v. *Stephens*, 14 Nev. 17, 33 Am. Rep. 523, and in the case of *Miller* v. *Highland Ditch Company*, 87 Cal. 430.

But conceding the judgment for damages to be erroneous, the amount is merely nominal, and too trifling to justify the reversal of the entire judgment.

Let the judgment be modified by striking out the damages, without costs to appellant, and in all other respects let the judgment be affirmed.

DE HAVEN, J., McFARLAND, J., HARRISON, J., PATERSON, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.