### BARROWS et al. v. FOX et al.[*]

### No. 14,643; August 6, 1892.

#### 30 Pac. 768.

**Waters — Waste.**—Under Civil Code, Section 1411, providing that an appropriation of running water, to give a right to its use, must be for some useful or beneficial purpose, and that when the appropriator ceases to use it for such a purpose the right ceases, where it is adjudged that plaintiffs are entitled to a certain amount of water from a stream, and that defendants are entitled to the remainder, and it appears that plaintiffs have always used the water by means of a defective flume, the court may direct them to carry

----

[*]For subsequent opinion in bank, see 98 Cal. 63, 32 Pac. 811.

the water to which they are entitled by flume and pipe, so that the rest may not be wasted.

Waters—Regulation by Court of Use.—Where, in an action to establish right to water in a stream, a court of equity finds, on sufficient evidence, that the parties have each certain rights in the stream, it may secure enjoyment of those rights by proper regulation of the use of the water.

Waters—Injunction.—Where, in an Action to Establish a water right in a stream, defendants, claiming as appropriators, ask for an injunction to restrain plaintiffs from taking any water from the stream, it is permissible for defendants to show the effect on their lands, as to value, of a deprivation of water as asked by defendants, and that there is no other available water supply, since this might be necessary to entitle them to the relief asked.

APPEAL from Superior Court, Ventura County; B. T. Williams, Judge.

Action by Thomas Barrows and others against Lewis C. Fox and others. From a judgment adjusting the rights of the parties, and an order refusing a new trial, plaintiffs appeal. Affirmed.

Blackstone & Shepherd (Chapman & Hendrick of counsel) for appellants; H. L. Poplin for respondents.

FOOTE, C.—The plaintiffs claim to be the owners and tenants in common, and entitled to the possession, of a certain "water ditch, conduit, flume and waterway," by means of which certain waters flowing from a spring in what is called "Brunson Canyon" are conducted, together with the right of way for the same, over certain lands of which description is given. They also claim, in connection with the right of this waterway, that as tenants in common they own, as prior appropriators for use for "stock, domestic and irrigating and other useful purposes," all the water flowing from the spring in question, to the extent of two hundred inches of water, under a four-inch pressure. They assert that they have thus used these waters, for about thirteen years, adversely to the whole world. That the defendants, about the 15th of July, 1890, took and appropriated all the waters of the natural stream which came from the spring above the plaintiffs' ditch and prevented the plaintiffs from enjoying the use of the

waters they had appropriated, and that the defendants threaten to continue to deprive the plaintiffs of their rights in the premises, and will do so if not restrained by injunction. Damages are asked for in the sum of $2,000; that the court will decree that the plaintiffs are the owners of the water right claimed, and entitled to the right of way set up for the water ditch, etc.; and that the defendants be restrained from all wrongful acts, etc.

The defendants deny the claim of the plaintiffs to the water right set up in the complaint, and allege that the defendants are entitled to the use of the waters of the spring flowing by a natural watercourse through their lands, which waters are less in quantity than fifty inches, measured under a four-inch pressure, and that they, claiming themselves to be the owners of the waters in dispute, did appropriate them for necessary beneficial purposes of irrigation and domestic use. The court found in the first finding, in effect, that the plaintiffs were entitled to use their ditch, flume, etc., to convey the waters necessary for the useful purposes for which the plaintiffs had appropriated them, and to the right of way for the ditch, etc.; but in the third finding found that the appropriation for beneficial use by plaintiffs was not two hundred inches of water as alleged in the complaint, but that, as owners and tenants in common of the right to use the waters of the stream in controversy for irrigation upon their lands, they were the owners and entitled to the use of the waters for that purpose "during the months of June, July, August, September, October and November of each year, such months being the season for irrigation in that locality, for the period of fifteen successive days only of each of said months, from the first to the fifteenth days thereof, both inclusive, to the amount of one hundred and sixty thousand two hundred and ten United States gallons per day, equal to eleven inches, measured under a four-inch pressure." And that they were the owners and entitled to the use of the waters in controversy for domestic and stock purposes only "to the amount of water that will flow through a pipe three-quarters of an inch in diameter, under a four-inch pressure, laid from the place of diversion on said stream to the land aforesaid of plaintiffs, continuously each day, or so much thereof as is reasonably necessary on said land for such purposes." But

that they were not the owners of any greater water rights in the waters flowing from the spring and in the natural watercourse in question. The court in finding 4 further found that the defendants first, by closing up the plaintiffs' ditch, wrongfully deprived them of these water rights; but in finding 7 it found that one of the defendants, Mr. Fox, had, as a subsequent appropriator to plaintiffs, perfected his appropriation of fifty inches of the waters in controversy, which rights he held, of course, subject to that of plaintiffs; and in the eighth finding that the lands of defendants Fox and Crouch are those of riparian proprietors, and that they are entitled, as subsequent appropriators to the plaintiffs, to the use of the waters of the stream flowing in its natural course through such lands for purposes of irrigation and domestic use, subject only to the right of plaintiffs as above defined; that Fox is entitled to thirteen-sixteenths of this restricted water right; that the waters are necessary alike for the beneficial uses of both parties to the action, their lands being agricultural, and that no damage has resulted to either party. The conclusions of law follow, based upon these findings, and the judgment is given and made in substantial accord therewith.

The main contention of the plaintiffs for a reversal of the judgment and order refusing a new trial is that the judgment is not sustained by the findings, in respect that the court has undertaken to direct them, contrary to principles of equity pertinent to the facts of the case, to substitute a pipe for a ditch or flume in which to carry the waters necessary for the purposes of the beneficial use to which they have applied the waters. They say that, as they have used these waters by ditch or flume for thirteen years, they have the right still to use them in that way, even if these conduits leak and waste all the water over and above that necessary for their beneficial use; that inasmuch as they have thus used the water, and had the right of way for the same by ditch or flume, the court can place no restriction on these uses which will prevent them from wasting all the water by a leaking flume or ditch, over and above what the findings show they have appropriated for beneficial uses.

We do not perceive that the court has required the plaintiffs to use a pipe in place of the flume or ditch. It has only

34

required that, whichever the means shall be that they employ to conduct the water, whether "flume or pipe, as plaintiffs may elect," they shall divert no more than the findings show that they have appropriated to a beneficial use, and that such use shall be at the times set out in the findings and decree. It would be no hardship on the plaintiffs to allow them to use a pipe in place of a flume which they had used; and it cannot be successfully contended, if the findings show that a ditch or flume owned by the plaintiffs, and for which they have the right of way, is in such condition that a large part of the waters of the stream is wasted on their lands before it reaches that of the lower riparian proprietor and subsequent appropriator, that then the court has not a right to order the prior appropriator so to conduct and use the water they have appropriated, either in a flume as originally carried, or a pipe, as they may elect, that the balance of the water shall not be wasted by leakage, and shall go down the stream to those having the right to it. To say otherwise would be to nullify the provisions of section 1411 of the Civil Code, which reads thus: "The appropriation must be for some useful or beneficial purpose, and, when the appropriator or his successor in interest ceases to use it for such a purpose, the right ceases."

The evidence was sufficient, as we think, to show that the court was justified in finding the extent of the plaintiffs' appropriation for beneficial uses; and that the defendants had acquired certain water rights for beneficial uses also subject to those acquired by plaintiffs. This being so, it was the province of a court of equity to secure each of the contending parties in the enjoyment of their rights acquired under the provisions of the law governing such a case: Frey v. Lowden, 70 Cal. 550, 11 Pac. 838. We conclude that the judgment is supported by the findings, and that the evidence is sufficient to support them.

It is further claimed as error that evidence was permitted, on the part of defendants, as to the effect upon their lands, as to value, by a deprivation of water, and that there was no other water supply for them. In this case it seems that the defendants had, upon the facts set up by them, claiming as appropriators, asked in their answer for an injunction against the plaintiffs to prevent them from taking water, to which the defendants made claim for the beneficial use of the same on

their lands.    Unless the defendants could show that the waste of water by plaintiffs would be hurtful to their rights as subsequent appropriators, it might be that they could not get the relief they asked.    So it would seem there was no prejudicial error committed in the ruling.    Upon consideration of all the points made we perceive no prejudicial error, and advise that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.