[No. 1439.]

C.  P.  RONNOW,  CHARLES  MATTHEWS,  Sr.,  WIL-
LIAM  MATHEWS  AND  PHILLIP  MATTHEWS,
RESPONDENTS, *v.* JOSEPH DELMUE AND MARCELLO
DELMUE, APPELLANTS.

PRACTICE—COMPLAINT—VERIFIED AFTER FILING—ALLEGATIONS REFER TO
TIME OF COMMENCEMENT OF ACTION.—In an action for the diver-
sion of water, the complaint, filed April 11, 1894, was sworn to Novem-
ber 17, 1893, and it was objected that it did not, for this reason, state
a cause of action existing at the time of the commencement of the
action.    *Held*, that the allegations of the complaint should be
construed as referring to the time of the commencement of the
action, and that it was sufficient.

DECREE—SUFFICIENCY OF.—A decree is not void because it refers to the com-
plaint for a description of the property affected by it; does not con-
tain the stipulation upon which it was based; does not strictly
conform to the stipulation, and was not entered against all the
parties defendant in the action.

WATER SUIT—WHO MAY UNITE IN.—Although parties who have separate interests in the water of a stream cannot unite in an action for damages for its past diversion, they may unite in an action to restrain future diversions.

FINDING—WHEN PRESUMED IN SUPPORT OF DECREE.—Where there is no exception to the want of a finding, or because the finding upon some issue is defective, a finding must be presumed in support of the decree, and where the evidence upon the point is conflicting, the appellate court will not interfere.

WATER SUIT—DECREE ENJOINING WRONGFUL DIVERSION.—Where the title to water has been obtained by prior appropriation, a decree enjoining one from wrongfully diverting it is not erroneous merely because the party so enjoined owns the land through which the water naturally flows. (Syllabus by BIGELOW, C. J.) ·

APPEAL from the District Court of the State of Nevada, Lincoln county; *A. E. Cheney*, District Judge:

Action by C. P. Ronnow, *et al.*, against Joseph Delmue, *et al.* Judgment for complainants, and defendants appeal. Affirmed.

*George S. Sawyer*, for Appellants:

I. The judgment and decree is not supported by the complaint. The complaint states no cause of action, or any facts as existing at the time of the filing of the complaint, but as they existed some five months previous. (*Fairchild* v. *King*, 36 Pac. Rep. 649.)

II. The court erred in admitting in evidence the judgment and judgment roll in the case of *Barron et al.* v. *Delmue et al.* First: It is not a judgment; it contains no decision of any court, and nothing can be determined from the judgment itself. (Gen. Stats. 3225; *Perkins* v. *Sierra U. S. M. Co.*, 10 Nev. 413.) Second: The stipulation on which it is based is is not contained in it. (*Emeric* v. *Alvarado*, 64 Cal. 621.) Third: It does not conform to the alleged stipulation. Fourth: It does not determine the rights of all the parties. The rights of B. G. Wells, one of the defendants, are entirely ignored. For aught that appears, the defendant, Wells, may have been entitled to all of the water as against the plaintiffs and his co-defendant, Delmue. (*Golding* v. *Decker*, 32 Pac. Rep. 835; *Bissell* v. *Cushman*, 5 Col. 76; 12 Am. & Eng. Ency., 77, and notes.)

III. The decision and decree are against law and equity.

There are absolutely no grounds for an injunction shown. The only trespass which appears is on the part of plaintiffs in going upon the lands of defendants, to which they had absolute title, and interfering with ditches they had constructed and with which plaintiff had no concern. It would be a peculiar stretch of the arm of equity to enjoin a person from preventing a trespass upon his own land..

*T. J. Osborne* and *Henry Rives*, for Respondents:

I.   All of the plaintiffs are entitled to join and seek and obtain the benefit of the injunction sought, for any one of the plaintiffs might maintain the action for all of the remainder of them. The case of *Schultz* v. *Winter et al.* is not in point. Our statute expressly permits the joining of an action for waste, or for damages committed to real property, with one for the recovery of the possession thereof. Actions respecting easements are treated in the same manner as those respecting real estate. It was concluded that they would be entitled to join in the action to obtain an injunction against the defendants but that they would be put to separate actions for the recovery of their damages.

II.   The contention:   " The judgment and decree is not supported by the complaint" and " The complaint states no cause for action, or any facts as existing at the time of the filing of the complaint, but as they existed some five months previous," is not well taken. The rule laid down in *Fairchild* v. *King*, 36 Pac. Rep. 649, refers exclusively to money demands and the rule there laid down proceeds upon the theory that a person pays his debts at or about the time they are stated to be due. In respect to the alleged ownership of real property, and easements growing out of the same, the rule is that the court will presume the ownership to have remained as it existed at the date of the verification and until the contrary is proven.

By the Court, BIGELOW, C. J.:

Action to recover damages for the diversion of water to which the plaintiffs claim title by virtue of prior appropriation, and for an injunction to restrain the future diversion thereof.

The complaint was filed April 11, 1894, but it was verified November 17, 1893, and for this reason it is claimed that it does not state a cause of action existing at the time of the commencement of the action. It would seem, however, that wherever the complaint alleges the existence of a fact in the present tense, it should be construed as referring to the time of the commencement of the action, and not to the time when it was sworn to. It was not necessary that it should be verified at all, and if it had not been, that certainly would be the proper construction to be put upon such an allegation. If the fact that it was verified so long beforehand has any effect whatever it should be to nullify the verificaton, and leave the complaint the same as though it had never been verified. Such a verification might be stricken out on motion, or if treated as a nullity, the only consequences that would follow would be that defendants would not be required to make specific denials, nor to verify their answer.

2. The complaint alleges the plaintiffs' prior appropriation of the water, which does not appear to have been seriously questioned upon the trial except as to four acres, and then pleads, by way of estoppel, the recovery by the plaintiffs'' predecessors in interest, against the defendants' predecessors in interest, of a decree for the possession of the water. Upon the trial this decree was admitted in evidence, and several assignments of error are predicated upon this ruling. The decree was rendered upon stipulation, and is defective in several respects, but we do not think it is void. It appears from it that the right, title and right to the possession of all the water in the stream, except enough to irrigate four acres, was decreed to be in the plaintiffs in the action, and although it contains no description of the water so awarded, it refers to the complaint for that purpose, where the description is ample. While this is bad practice, for a decree should be complete in itself without reference to other documents or records, such a decree is not void. (1 Freeman, Judg., sec. 50c; *Kelly* v. *McKibbon*, 54 Cal. 192.)

It is no more necessary that the decree should contain the stipulation upon which it was based than that it should contain the pleadings or findings. It was clearly intended to conform to the stipulation, and if it does not it is an error to

be corrected in that case, and does not render the decree void. Nor is it any objection that it was rendered against but one of the defendants in the action. The action may have been dismissed as to the others, but whether it was or not, it is not void as to the one against whom it was entered. (Gen. Stats. 3170, 3171.)

3. Upon the trial the claim for damages was dismissed and the action continued simply upon the equitable side for an injunction. The defendants then moved to dismiss the action entirely "upon the ground that the interests of the parties were not in common—that they owned separate interests." This motion was correctly overruled. The question of misjoinder was not raised by either demurrer or answer, and consequently was waived. (Gen. Stats. 3062, 3066, 3067.) But really, there was no misjoinder. The plaintiffs owned separate tracts of land, but they were joint owners of the ditch through which the water was diverted, and of the water, itself. Even had they owned separate ditches and separate water rights, though they could not maintain a a joint action for damages, they could maintain such an action for an injunction against future diversion or obstruction of the stream. (Bliss Code Plead., sec. 76; *Foreman* v. *Boyle*, 88 Cal. 290.)

4. As the decree was for the plaintiffs, we must presume that all the material issues upon which there were no findings or upon which the findings were defective as being merely conclusions of law, were found in the plaintiffs' favor, and consequently, there being no exception to the findings upon these points, nor request for farther findings, that the court found that the acts of the defendants did diminish the amount of water flowing to the plaintiffs, and also that the defendants' use of the water had not been open, peaceable, uninterrupted, under claim of right, etc., for the time necessary to create a prescriptive title in them. The most that can be said in defendants' favor upon these points is that the evidence was conflicting, that of the plaintiffs tending to prove that there had been no such user, and that their acts had diminished the quantity of the water, and under these circumstances the appellate court cannot disturb the findings, either express or implied, of the trial court.

5. If the plaintiffs have a right to the uninterrupted flow of the water except as to enough to irrigate four acres of land, the defendants have no more right to interfere with it upon their own land, except to take that quantity, than they have upon any other land, and the decree enjoining them from so doing is unobjectionable. If the law were otherwise the right to the use of water would rest upon a very frail foundation.

No prejudicial errors appearing, the judgment is affirmed.