(July 15, 1905.)

## FROST v. ALTURAS WATER COMPANY.
[81 Pac. 996.]

MOTION TO DISMISS APPEAL — INDEFINITE AND UNCERTAIN — SUIT TO QUIET TITLE TO WATER RIGHTS—JOINDER OF PARTIES PLAINTIFF.

1. Where the respondent moves to dismiss an appeal upon the ground that the notice of appeal has not been served upon all the adverse parties, and the motion does not enumerate or point out the parties upon whom the appellant failed to make service, and the record fails to show whether any of the defendants were ever served by process from the trial court or brought into the case in the trial court in any manner, the motion to dismiss will be denied by the appellate court.

2. Settlers along a stream who own lands under such stream and have acquired the right to appropriate and use water from such stream as the common source of supply, and each owns his separate lands and water right in his individual capacity, *held*, that such settlers and appropriators have such a common interest in having the rights of the respective appropriators determined and quieted, and in a decree enjoining interference therewith, as to entitle them to join as parties plaintiff under the provisions of section 4101, Revised Statutes.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, in and for Lincoln County. Honorable Lyttleton Price, Judge.

Appellants commenced an action to quiet title and settle the rights to the use of the waters of the Malad river. Certain of the defendants demurred and the demurrer was sustained, and judgment of dismissal was thereupon entered, from which judgment plaintiffs appeal. Reversed.

Hawley, Puckett & Hawley and E. A. Walters, for Appellants.

Several proprietors of district lands and mills, and of separate parts of a natural watercourse, may join as plaintiffs in a single suit where the injuries complained of are of the same kind and were inflicted at the same time, and by the same cause, although differing in degree as to each owner. (*Kennedy v. Scoville*, 12 Conn. 317; *May v. Parker*, 12 Pick. (Mass.) 34, 22 Am. Dec. 392; *Rennow v. Delmue*, 23 Nev. 29, 41 Pac. 1074.) Even had they owned separate ditches and separate water rights, though they could not maintain a joint action for damages, they could maintain such an action for injunction against future diversion, or obstruction of the stream. (Bliss on Code Pleading, sec. 76; *Freeman v. Boyle*, 88 Cal. 290, 26 Pac. 94; *Churchill v. Lauer*, 84 Cal. 233, 24 Pac. 107; *Frey v. Lowden*, 70 Cal. 550, 11 Pac. 838.) A notice of appeal will be construed with liberality, and irregularities will not vitiate it if the defects do not conflict with some express provisions of the statutes, or render

a material fact ambiguous or uncertain. (2 Ency. of Pl. & Pr. 216; *Kirk v. Bartholomew,* 3 Idaho, 367, 29 Pac. 40.)

Arthur Brown, for Respondents.

The notice of appeal must be served upon all parties, both coplaintiffs and codefendants. Each party to a litigation has an interest in the appeal from any part of it. The section of the Idaho statute—4808—is identical with that of section 940 of the California statute (3 Deering's Code), and with the former statute of Utah, Compiled Laws of 1888, section 3636; the Idaho statute and the Utah statute being both copies from the California statute, and the decisions rendered on that clause are adopted as a part of the statute of these states. In California the question has been decided in the following cases: *Vincent v. Collins,* 122 Cal. 390, 55 Pac. 129; *Senter v. De Bernal,* 38 Cal. 640; *Randall v. Hunter,* 69 Cal. 80, 10 Pac. 130; *O'Kane v. Daly,* 63 Cal. 317, and a vast array of other cases cited in above. The same question has been decided in Utah on the same statute. (*Rache v. Stanley,* 15 Utah, 314-317, 49 Pac. 648; *Commercial Nat. Bank of Ogden v. United States etc. Co.,* 13 Utah, 189, 44 Pac. 1043; *Voorhees v. Manti City,* 13 Utah, 438, 45 Pac. 564.)

AILSHIE, J.—The respondents have made a motion to dismiss the appeal in this case upon the ground that the notice of appeal is not addressed or directed to all the defendants in the case and was not served upon all the defendants. The notice is addressed "to the clerk of the said district court and to Arthur Brown, attorney for said named defendants." The contention here made is that Mr. Brown did not represent all the defendants, and that the notice was therefore not directed to any defendants not represented by him. This was not sufficient, however, to vitiate the notice of appeal. (Rev. Stats., secs. 4808, 4924; 2 Ency. of Pl. & Pr. 216.) This objection, however, is only made by the defendants represented by counsel, and if a matter of any consequence, it would seem

that it should only be available to the parties not named and to whom it was not addressed.

There are two reasons why the objection made by respondents that all the defendants were not served should be overruled: 1. There is nothing in this record showing whether all the defendants were served by process and brought into the trial court or not, nor is there anything before us to indicate that anybody was ever served, except the defendants who appear in this court. We are therefore unable to say that the appellants have failed to serve any defendant who was brought into the trial court by service of process or otherwise; 2. The motion to dismiss the appeal does not specify or indicate any person or persons upon whom service of notice of appeal was not made. Counsel for respondents has cited us to a number of decisions from the California and Utah courts on this question, but this court has so frequently passed upon the identical question discussed in his brief that it is scarcely necessary to look beyond our own cases for authority on this point. (*Titiman v. Alamance Min. Co.*, 9 Idaho, 240, 74 Pac. 529, and cases there cited.) The motion to dismiss the appeal is denied.

This appeal is taken from a judgment entered on demurrer. About twenty appropriators and users of the waters of the Malad or Big Wood river commenced their action against about seven hundred other appropriators and users of the waters of that stream, setting up the respective rights and priorities of the plaintiffs and alleging that the defendants were hindering and obstructing the plaintiffs in the exercise of their rights and several appropriations and the wrongful and unlawful diversion by the defendants of the waters of said stream to the damage, injury and prejudice of the rights of the plaintiffs, and praying for a decree quieting the title of the respective parties to the waters of the Malad river and its tributaries and determining and decreeing the respective rights and priorities, and for an injunction restraining each from interfering with the respective rights of the others. Arthur Brown and four other defendants filed demurrers to the complaint upon various grounds, the principal of which—

and the one upon which the demurrer seems to have been sustained—is that there is a misjoinder of parties plaintiff and defendant. This demurrer was sustained by the court and the judgment of dismissal of the action was thereupon entered. No oral argument was made by counsel for respondents in this court and the brief on file leaves it quite uncertain and indefinite as to the particular ground upon which they rely for a justification of the ruling of the court in sustaining the demurrer. As far as we are able to gather from the brief, however, it would seem that the argument, when reduced to its conclusion, amounts to the contention that there has been a misjoinder of parties plaintiff and a misjoinder of parties defendant. This contention seems to be founded upon the proposition that it appears from the complaint that the plaintiffs own separate and distinct water rights, each in his separate and individual right, and that they own, occupy and irrigate separate and distinct tracts or parcels of land, each in his own individual right, and that there is no common right, interest or ownership in any particular or distinct tract of land or water right, and therefore no common interest which justifies a joinder of parties plaintiff. The same contention is made as to the parties defendant. It is admitted in this court and so appears from the complaint, that each individual owns his own distinct or separate tract of land and the water right appurtenant thereto. The question therefore arises: Have the plaintiffs such common interest in the subject of the action and in obtaining the relief demanded as will justify them in joining as plaintiffs in this action? The same question arises as to the joinder of the defendants herein. Sections 4101 and 4102 of the Revised Statutes are as follows:

"Sec. 4101. All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this code.

"Sec. 4102. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determi-

nation or settlement of the question involved therein. And in an action to determine the title or right of possession to real property which, at the time of the commencement of the action, is in the possession of a tenant, the landlord may be joined as a party defendant.''

It is claimed that these provisions are sufficiently broad to cover a case of joinder such as the one under consideration.

It has been frequently held that the appropriators and users of water from the same stream where each owned his separate land and right could not join in an action against other appropriators and users of water from the same stream for the recovery of damages for an obstruction of their rights or an unlawful diversion of the water to their damage or prejudice; and it has been held by the same authorities that such parties had sufficient common interest that would justify them in uniting as joint plaintiffs in a suit to enjoin a continuation and repetition of such unlawful acts. (*Churchill v. Lauer,* 84 Cal. 233, 24 Pac. 107; *Ronnow v. Delmue,* 23 Nev. 29, 41 Pac. 1074; *Foreman v. Boyle,* 88 Cal. 290, 26 Pac. 94; *Blaisdell v. Stephens,* 14 Nev. 17, 33 Am. Rep. 523; *Miller v. Highland Ditch Co.,* 87 Cal. 430, 22 Am. St. Rep. 254, 25 Pac. 550; Bliss on Code Pleading, sec. 76; Kinney on Irrigation, sec. 327. See, also, *Kennedy v. Scoville,* 12 Conn. 316; *May v. Parker,* 12 Pick. (Mass.) 34, 22 Am. Dec. 392.) The principle upon which these two distinct holdings are based seems to us clear and obvious.

Farnham on Waters and Water Rights, volume 3, section 687b, says: ''The relation of prior and subsequent appropriators of the waters of a stream is that of tenants in common, the respective rights of whom a court of equity has the power to ascertain and determine and to fix the times at which each may have the use of the water.'' This text appears to find support in *Becker v. Marble Creek Irr. Co.,* 15 Utah, 225, 49 Pac. 892; *Frey v. Lowden,* 70 Cal. 550, 11 Pac. 838.

An examination of the decisions of this court in irrigation cases for the last twenty-five years discloses the fact that the practice pursued by the plaintiffs in this case as to joinder of parties plaintiff and defendant has been uniformly fol-

lowed and apparently recognized by the court as well as the members of the bar. And while the question here raised has never before been passed upon by this court, many cases open to the same objection as here urged have been from time to time before the court. This practice has become general and well recognized in this state in irrigation cases, although never before mooted in this court.

It is clear that all the appropriators and users of water from a common source have in a manner a common interest in having the rights of the respective appropriators determined and quieted by the courts and in a decree enjoining any and all appropriators who are inclined to interfere with or obstruct the rights of others or divert water to which they are not entitled from so doing by the restraining and injunctive power of a court of equity. Such a joinder, we think, authorized by sections 4101, 4102, Revised Statutes, *supra.* The reason for such a practice is peculiarly strong and urgent in irrigation cases under the law as it exists in this state.

The judgment will be reversed and the cause remanded, with directions to the trial court to overrule the demurrer and proceed in accordance with the views herein expressed. Costs awarded to appellants.

Stockslager, C. J., and Sullivan, J., concur.

ON PETITION FOR REHEARING.

(August 9, 1905.)

STOCKSLAGER, C. J.—The defendant, Arthur Brown, files a petition for a rehearing and insists that: ''The ground of demurrer is not merely misjoinder of plaintiff or misjoinder of defendants, but misjoinder of causes of action as well.'' It is insisted by learned counsel that the first plaintiff, Mr. Frost, resides below the junction of Big and Little Wood river. The next plaintiff, Mr. Walter, is located above the junction of the two rivers, and still further off he says is Alice Silva, who resides on Camas Prairie on one of the tributaries of Big Wood river. Then he asks the questions: ''What right of action has she against any person who takes water from Wood river on another branch away off? What

right of action has she against those who take water from Little Wood river nearly one hundred miles away? How can she join with Frost? Have they anything in common whatever against these defendants? What may be said as to her. is equally applicable to all the plaintiffs.'' As we read the petition for rehearing the above questions fairly present the contention of the petitioner. Technically speaking, it may be true that Alice Silva and other plaintiffs may have no particular interest in the amount of water that is permitted to flow down Big and Little Wood river to their junction and thus supply the demands of the plaintiff Frost; yet we do not overlook the fact that in the settlement of cases of this character every user of water on the stream and all of its tributaries in litigation are interested in the final award to each claimant. In this case Alice Silva has a common interest with every user of water on Camas creek, as it is termed (the Malad river in reality), as well as every tributary of either Big or Little Wood river that furnishes water which may be claimed by the appropriator farthest down the stream—in this case Frost. The contention of Mr. Frost is that all appropriators above him on either Big or Little Wood river (which means those streams with all their tributaries) are taking water that belongs to him, and if he so desired he might commence his action making all the appropriators of the waters of those two streams with their tributaries defendants; but if other parties desire to join him as plaintiff with a view to a final determination of all the respective rights of the claimants of all the waters of Big and Little Wood river with their tributaries, even though they may be above the junction of the two streams, we can see no objection to such joinder of action, and this is on the theory that every claimant of the water of either stream, it matters not whether it be at the upper or lower end of either or after the junction of the two, is interested in a final adjudication of all the claimants of all the waters that flow to the claimants at the lower end of the stream after its junction. In other words, in my view of the question presented by the demurrer, it matters but little who are plaintiffs and who are defendants in

the settlement of cases of this character, the real issue being who is first in right to the use of the waters in dispute. The complaint naturally comes from the lower appropriator, and when he complains each and all of the appropriators above are interested in knowing who if anyone is taking water that should be permitted to flow down the stream to him. An appropriator at the upper end of the stream may know that the injury being done the lower appropriator is the result of water being taken from the stream between his appropriation and the complainant, and hence he is interested in a final settlement of the question as to the time and right of each user of the water of the stream and thus may properly join the lower appropriator in such final settlement of the question and relieve himself of the charge of wrongful use of the water in dispute. The petition for a rehearing is denied.

Ailshie, J., and Sullivan, J., concur.