(June 20, 1906.)

## DANIEL HELPHERY et al., Appellants, v. JOSEPH PERRAULT et al., Respondents.

### [86 Pac. 417.]

MANDAMUS—SUFFICIENCY OF COMPLAINT—JOINDER OF PLAINTIFFS—COMMON INTEREST OF PLAINTIFFS.

1. Where several land owners contract and agree among themselves to unite in interest and construct their own ditch or lateral,. and make a joint application to a ditch company for sufficient water for all their land as one applicant, they may join as plaintiffs in an action to compel the water company to deliver the quantity of water applied for at their headgate.

2. Where several parties agree among themselves to unite in interest and jointly apply as one applicant for water for irrigation purposes and to use and apply the water in rotation, the fact of joinder and rotation in the use of the water are not valid and sufficient grounds on which the water company may refuse to furnish water to them at their common headgate.

3. The times and order of use and application of water by several land owners under the same lateral to their respective tracts of land are matters of no concern to the water company where˙ the several users by agreement among themselves distribute and use the water at the times and in the manner agreeable to them, and the company has no duty but that of seeing that the requisite quantity of water flows through the headgate into the consumer's ditch.

4. Complaint in this case held sufficient to sustain a cause of action and not demurrable for the misjoinder of parties plaintiff.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. Frank J. Smith, Judge of the Seventh Judicial District, presiding.

Action to procure a writ of mandate; demurrer to complaint was sustained and a judgment was entered dismissing the action.   Plaintiffs appealed.   *Reversed.*

Neal & Kinyon, for Appellants.

All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, except when otherwise provided in this code. (Rev Stats., sec. 4101; *Frost v. Alturas Water Co.,* 11 Idaho, 294, 81 Pac. 996; Pomeroy's Code, Remedies, 4th ed., secs. 116, 117; *First Nat. Bank v. Hummel,* 14 Colo. 259, 23 Pac. 986; 15 Ency. of Pl. & Pr. 668; Phillips' Code Pleading, sec. 457.)

An agreement can be entered into between water users as to the time and manner of use, and will be respected by the courts and enforced so far as the rights of third parties are concerned. (*Lytle Creek Water Co. v. Purdew,* 65 Cal. 447, 4 Pac. 426, 431 et seq.; Long on Irrigation, secs. 61, 111; Wiel on Water Rights, sec. 49.)

Hawley, Puckett & Hawley and Fremont Wood, for Respondents, cite no authorities on the points decided.

AILSHIE, J.—This action was commenced for the purpose of procuring a writ of mandate compelling the defendants, doing business under the name of the Perrault Ditch Company, to turn out of their main canal and deliver to the plaintiffs ".14 of a second foot of water per second continuous flow," for the purpose of irrigating certain lands belonging to the plaintiffs. The action is commenced by Daniel Helphery and twelve others. Helphery makes the affidavit in which he says "that he, together with the other above-named plaintiffs, own, possess and occupy the following described real estate, all situated in Lemp's addition to Boise City, Ada county, Idaho, namely, etc." He further deposes "that he is duly authorized to represent the interests of all the other plaintiffs herein, and is authorized to receive all notices, orders and directions necessary and proper to be made in and about, procuring, using and distribution of the said water mentioned among these several plaintiffs . . . .; that it is the desire of each and every of the said

plaintiffs herein that said water shall be used as among themselves as a single stream of water, they applying it to their said tracts of land at such times and in such manner as to them may seem proper.'' It is also alleged that the plaintiffs have already constructed the necessary ditch or lateral at their own expense for the purpose of carrying and conveying the water applied for from the company's main canal to and upon their respective lands. They allege the necessary and proper tender of a year's rental for the amount and quantity of water for which they applied. The defendants demurred to the complaint, or affidavit, on the ground that it does not state facts sufficient to constitute a cause of action or entitle them to a writ, and also on grounds of misjoinder of parties plaintiff. The demurrer was sustained by the trial court and judgment was entered dismissing the action and the plaintiffs have appealed. The only question that arises in this case for our determination is: Can the several plaintiffs by contract and agreement among themselves unite and join in interest and make a legal application and demand for water for all their lands jointly and have the same treated and considered as one application, and when water is turned out to them, apply it at such times and in such manner to their several tracts of land as they may decide upon among themselves? In the first place, we think there is no doubt but that the plaintiffs have the right to enter into such contract and agreement among themselves for the application and use of the water at such times and in such manner as they may deem to be their best interests. If they choose to apply and use the water as among themselves in rotation, we have no doubt of their right to do so. This right being recognized, it necessarily follows that so soon as they have entered into such a contract or agreement a common right and interest at once arises among them which entitles them to join as coplaintiffs in an action for the preservation and protection of such right. (Rev. Stats., sec. 4101; *Frost v. Alturas Water Co.,* 11 Idaho, 294, 81 Pac. 996.)

It is argued by counsel for respondents that neither the constitution nor statutes of this state recognize the right of water users to enforce upon ditch companies the delivery of water by rotation. They contend that the only water right recognized is one of a continuous flow. Without deciding that question, the proposition may be fully conceded for the purpose of this case, for the reason that the plaintiffs do not ask that the water company deliver the water to them in rotation, but, on the other hand, they ask for a continuous flow of .14 of a second foot turned into their ditch at the headgate. If this should be done, the only duty of the company would be to see that the required volume of water is kept flowing in at the plaintiff's headgate continuously. The rotation and distribution of the water among the several plaintiffs will be a matter of no concern to the ditch company, and one exclusively for the determination and disposition of the several plaintiffs. The ditch company will only have to deal with one person, namely, the agent or representative of the several plaintiffs. Rotation in irrigation undoubtedly tends to conserve the waters of the state and to increase and enlarge their duty and service, and is, consequently, a practice that deserves encouragement in so far as it may be done within legal bounds.

Respondents have argued that plaintiffs' action should fail, for the reason that the application for the use of the water was not made prior to the first day of January, as prescribed by section 20 of the irrigation act of February 25, 1899 (Sess. Laws 1899, p. 383). We do not think that objection is well taken in a case where all prior applicants for water have been supplied and the ditch company still has water for rental and distribution. The provisions of section 20 of the act referred to were intended for a regulation between different applicants and also for a protection to the company, as well as the consumer, where one applicant had previously used the water on his land and another applicant had never before applied water to his land.

The complaint states a cause of action and the demurrer should have been overruled. The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer and allow the defendants ten days in which to answer the complaint. Costs awarded to appellants.

Sullivan, J., concurs.

STOCKSLAGER, C. J., Concurring.—In view of the peculiar facts as stated in the complaint in this case, I concur in the conclusion reached by my associates. I am satisfied the management and control of canals and laterals as a rule must be left to the company, association or corporation owning and operating the property; otherwise endless litigation would follow. It is the duty of anyone operating a canal to so distribute the water that the legal rights of all consumers should be protected; hence, the necessity of absolute control over the canal and laterals, where conflicting rights may arise.