[No. 1535.]

JAMES A. HARDIN AND JAMES H. ROGERS, RESPOND-
ENTS, *v.* ED. M. EMMONS, LIBBIE EMMONS, L.
ELKUS, G. W. CHESLEY, W. H. JONES, HARVEY
M. SLOPER AND G. W. WISEMAN, DEFENDANTS; L.
ELKUS, APPELLANT.

PLEADING—DEMURRER—JUDGMENT—WAIVER. If a demurrant wishes to
take advantage of any supposed error in overruling the demurrer,
he must let final judgment be entered upon it; for, if he shall
answer, after such ruling, he waives any objection to it, except the
two radical defects—want of jurisdiction and failure to state a cause
of action.

EQUITY—FORM AND SUBSTANCE. Equity always looks to the substance, and
not to the form, of a transaction, to determine its validity.

MORTGAGE—NEW MORTGAGE FOR SAME DEBT—LIEN CONTINUED. The tak-
ing of a new note and mortgage by the mortgagee from the mort-
gagor for the same debt, upon the same property, will not discharge
the lien of the first mortgage as between the parties, but such lien
will continue in the new mortgage, unless it was otherwise intended.

IDEM—IDEM—PRIORITY OF INCUMBRANCE. Where a new mortgage is taken
and recorded to secure the same debt, and the fact is so stated in the
mortgage, it has priority over any intervening incumbrance.

IDEM—EFFECT OF NEW NOTE ON OLD DEBT. As a general rule, a pur-
chaser from a mortgagor or a subsequent incumbrancer cannot
claim that a new note for the whole or any part of the mortgage
debt operates as a payment, unless the facts are such that the
mortgagor himself could make the claim.

APPEAL from the District Court of the State of Nevada, Humboldt county; *A. E. Cheney,* District Judge:

Action by James A. Hardin and James H. Rogers against Ed. M. Emmons, L. Elkus, and others. From a judgment for plaintiff, L. Elkus appeals. Affirmed.

The facts sufficiently appear in the opinion.

*D. S. Truman,* for Appellant.

*R. M. Clarke* and *H. Warren,* for Respondents:

I. The original note and mortgage are neither merged nor extinguished by the new note and mortgage, but remain in force. The original note and mortgage have not been paid, nor have they been surrendered, or relinquished, or canceled, or satisfied. On the contrary, the mortgage of February 27, 1893, in terms, and on its face shows that: " Such note and mortgage are unpaid and owing," and that " an extension of time for the payment thereof is desired, and the said Hardin and Rogers are willing to grant such extension,   *   *   *   with the distinct agreement that the lien of the aforesaid mortgage is and shall be continued, and not in any way waived in favor of any one, and that said debt of $2,500 shall be kept alive."

II. It is needless to argue that the words preserve and do not relinquish the original note and mortgage. But, if the mortgage of February 27, 1893, was silent, the original note and mortgage would be preserved, and the lien of the original mortgage would be continued in force by the well-established principles of equity. Equity never works injustice. It never willingly postpones a prior and better lien to a subsequent and inferior one. It never does one man a wrong that another may profit thereby. It never merges an old demand or lien in a new one, when it will operate to the prejudice of the upholder of the demand or lien. (Jones on Mortgages, sec. 848, p. 756; *Bell* v. *Woodward,* 94 N. H. 90; *Denzler* v. *O'Keefe,* 34 N. J. Eq. 361; *Bunch* v. *Grave,* 12 N. E. Rep. 485; *Hectman* v. *Sharp,* 3 McArthur, 90; *Jarnagan* v. *Gaines,* 84 Ill. 203; *Trust Company* v. *Farrar,* 53 Vt. 542; *Washington Co.* v. *Slaughter,* 54 Iowa, 265; *Bridges* v. *Cooper,* 39 N. W. 720.)

By the Court, BONNIFIELD, J.:

This appeal is taken by defendant Elkus from a judgment and decree of foreclosure of mortgage given in favor of the plaintiffs in their action brought on a promissory note and mortgage executed to them by defendants Ed. M. and Libbie H. Emmons. The defendants, other than the two Emmons, were made parties defendant, as having or claiming to have some interest in the mortgaged premises, etc.

The record discloses the following facts, stated in substance and in brief, on which appellant seeks a reversal of the judgment, to-wit: "That on the 9th day of March, 1886, at Humboldt county, in this state, the defendant, Ed. M. Emmons and two others, being indebted to one Josiah W. Carter of Sonoma county, California, in the sum of $2,500, executed to him their joint and several promissory note for said sum, payable twelve months after said date, and their certain, mortgage on certain lands and premises situated in said Humboldt county, as security for the payment of the same, which mortgage was duly recorded in the office of the county recorder of said Humboldt county.

"That said Carter died, testate, on May 3, 1890, in said Sonoma county, California, the place of his residence, leaving property in said county, and that at the time of his death he was the owner and holder of said note and mortgage, the principal of which was wholly unpaid; that said Carter, by last will and testament, named and appointed James A. Hardin and J. T. Rogers as the executors thereof; that thereafter the said will was admitted to probate by the superior court of said Sonoma county, and letters testamentary issued to said Hardin and Rogers, who, as such executors, duly qualified and took possession of the estate and property of said deceased, including said note and mortgage, for the benefit of the legatees and devisees, Mrs. Sarah F. Carter, the widow, and Miss Emma Carter, the daughter of said testate; that no letters testamentary have been granted to the plaintiffs by any court in the State of Nevada, and no probate proceedings have been had in any such court with reference to said will or estate of said deceased; that, after the execution of said note and mortgage, Ed. M. Emmons became the sole owner of said lands and premises, subject to the lien of

said mortgage, and intermarried with said Libbie H., and afterwards, on the 27th of February, 1893, they applied to said Hardin and Rogers for an extension of time for the payment of said note and mortgage, there being then due and unpaid thereon the principal sum of $2,500; that Hardin and Rogers consented to such extension upon certain express agreements made between said parties.

"That, in pursuance of said agreements and in consideration of said extension of time, and as additional security for the payment of said sum of $2,500, said Ed. M. and Libbie H. Emmons, on the 27th day of February, 1893, executed to said Hardin and Rogers their certain promissory note for the sum of $2,500, made payable by the terms thereof on or before the 2d day of November, 1894, to James A. Hardin and J. T. Rogers, as executors of the will of Josiah W. Carter, deceased, and at the same time, to secure the payment of the same, they also executed to Hardin and Rogers, as such executors, a mortgage on the same land and premises mortgaged as aforesaid to Carter, which was duly recorded in the recorder's office of said Humboldt county; that in said mortgage, given to Hardin and Rogers, are recited the facts of said indebtedness to Carter, the execution to him of said note and mortgage, the death of Carter, testate, the probating of his last will and testament, and the issuing of letters testamentary to said Hardin and Rogers by the superior court of said Sonoma county; that Hardin and Rogers, as such executors, are the owners and holders of said note and mortgage for the benefit of the widow and daughter of said deceased; that Ed. M. Emmons is owing the same, and the same might be barred by the statute of limitations on the 9th day of March, 1893; that said Ed. and Libbie Emmons desire an extension of time for the payment of the same, and said Hardin and Rogers are willing to grant such extension, and it recites, to wit: 'Now, then, in consideration of the premises and of such request for further time, and with the distinct agreement that the lien of the aforesaid mortgage is and shall be continued, and not in any way waived in favor of any one, and that said debt of $2,500 shall be kept alive, the said Ed. M. Emmons and his wife do hereby grant and

mortgage to said James A. Hardin and J. T. Rogers, as executors aforesaid,' etc.

" Between the dates of the execution of the said promissory notes and mortgages and recording of said mortgages, to wit, on the 5th day of September, 1890, said Ed. M. Emmons executed his certain promissory note to G. W. Chesley & Co., of Sacramento, California, for the sum of $1,170 65, payable on or before the 1st day of September, 1891, and to secure the payment thereof he executed, acknowledged and delivered to G. W. Chesley & Co. a mortgage on the same real estate embraced in the two other mortgages above referred to, and the same was duly recorded, on the day of its execution, in said office of said county recorder of Humboldt county; that said note and mortgage remain wholly unpaid; that the defendant, L. Elkus, is the duly appointed, qualified and acting trustee of the firm of G. W. Chesley & Co., and has been such trustee since January 1, 1891, and as such trustee, with full power in the premises, is the owner and holder of said note and mortgage. Defendant Elkus demurred to the complaint on the ground, substantially, among others, that the plaintiffs have not legal capacity to sue, for the reason that they are foreign executors of the last will and testament of Josiah W. Carter, deceased, and have not been appointed as such executors in this state. The court overruled the demurrer, ruling that, 'while it is generally true that a foreign executor cannot, in his representative capacity, maintain an action to recover property of his testate, this rule does not apply if he sues in his own right, although the right be derived under a foreign will, especially when he seeks to recover on a contract not made with the testate, but with the plaintiff as executor.' "

The overruling of said demurrer is assigned as error. The question whether the court erred in overruling defendant's demurrer, taken on the ground of the incapacity of plaintiffs to sue, cannot be considered on this appeal, for the reason that the defendant did not rest upon his demurrer, and allowed judgment to be entered against him thereon. After his demurrer was overruled he filed an answer raising issues of fact, and thereby waived his right to reply upon his

demurrer upon issue of law, as to the alleged incapacity of plaintiffs to sue.

"The general rule seems to be well settled," as stated by Bliss in his work on Code Pleading (sec. 417), "that, if the demurrant wishes to take advantage of any supposed error in overruling the demurrer, he must let final judgment be entered upon it, for, if he shall answer, after such ruling, he waives any objection to it, except the two radical defects." (*Lonkey* v. *Wells*, 16 Nev. 271, and cases there cited; *Hammersmith* v. *Avery*, 18 Nev. 225; *Gardner* v. *Gardner*, 23 Nev. 207; *Hardy* v. *Swigert*, 53 Pac. Rep. 380, and cases cited.)

*Priority of Lien:* The question of the priority of lien was raised in the trial court, and is presented on this appeal. The appellant contends, in effect, that the taking of the note and mortgage by the plaintiffs from Ed. and Libbie Emmons gave priority to the mortgage executed by Ed. Emmons to G. W. Chesley & Co. It appears that the Chesley mortgage was given and recorded before the execution of the plaintiff's said mortgage, but after the execution and recording of the Carter mortgage; also that the note and mortgage given to the plaintiffs were executed as additional security for the payment of said indebtedness of $2,500, in consideration of the extension of the time for its payment, and to avoid the statute of limitations, which was about to run against its collection, and upon the express agreement of the parties, contained in the latter mortgage, that the said debt of $2,500 shall be kept alive, and that the lien of said original mortgage shall be continued, and in no way waived in favor of any one.

The rule is well established that the taking of a new note and mortgage by the mortgagee from the mortgagor, for the same debt, upon the same property, will not discharge the lien of the first mortgage as between the parties, but such lien will continue in the new mortgage, unless it was otherwise intended. (Jones on Mortgages, sec. 924, and cases cited.)

As a general rule, a purchaser from a mortgagor or a subsequent incumbrancer cannot claim that a new note for the whole or any part of the mortgage debt operates as a payment, unless the facts are such that the mortgagor himself could make the claim. (Id. sec. 925.)

Where a new mortgage is taken and duly recorded to secure the payment of the same debt, and the fact is so stated in the mortgage, the mortgage will have priority of any intervening incumbrance. (*Shaver* v. *Williams*, 87 Ill. 409; 18 Am. L. Reg. (N. 5) 132; Jones, Mortg. sec. 971.)

It is a principle well established that equity always looks to the substance, and not to the form, of a transaction, to determine its validity. Under this rule, we are of opinion that no good reason exists why the lien of appellant's mortgage should have priority. The transaction between the plaintiffs and their mortgagors was reasonable, and based on valid considerations, and in no manner affected the rights or remedies of the appellant.

When the note and mortgage was given to G. W. Chesley & Co., the record disclosed the fact that there was a prior lien on the property by mortgage for $2,500; and the Chesley mortgagees had legal notice that whatever interest they acquired in the premises was subordinate to that lien. The taking of the new mortgage by the plaintiffs has in no manner had the effect of misleading or deceiving the appellant or those whom he represents, and it in no manner has placed the appellant in any different position than that he previously occupied.

To hold that the appellant's lien has priority over the plaintiffs' would be neither just nor equitable.

We are of opinion that the judgment and decree of the court must be affirmed.

It is so ordered.