BEACH ET AL., RESPONDENTS, *v.* SPOKANE RANCH AND WATER COMPANY, APPELLANT.

(No. 1,311.)

(Submitted April 15, 1901.   Decided June 3, 1901.)

*Water Rights—Diversion — Injunction — Complaint—Proper and Necessary Parties—Demurrer—Jurisdiction—Bill of Particulars—Discretion — Appeal — Record—Evidence-- Failure to Preserve—Findings—Review.*

1.   The district court being a superior court of general jurisdiction, want of jurisdiction must affirmatively appear, to overthrow the presumption that the court had jurisdiction of the subject-matter of the action.
2.   Property owners having the right to divert the waters of a creek for irrigation purposes may join in a suit to restrain a third person from diminishing the volume of water to the use of which they are entitled.
3.   Where the complaint in a suit to restrain defendant from diverting the waters of a creek does not show that plaintiffs had not brought in all the claimants of such waters, the objection that there was a defect of parties cannot be taken by demurrer.

4. Where property owners having the right to divert waters from a creek seek to restrain a diversion therefrom by a third person, all the property owners using such waters are not necessary parties, and hence allegations to that effect in defendant's answer were properly stricken out.

5. A complaint in an action to restrain defendant from diverting waters to the use of which plaintiffs were entitled alleged the dates and amounts of the appropriations made by the predecessors in interest of the plaintiffs, the actual and continuous use of the waters, and the usual matters in complaints of like character. *Held* not demurrable for failing to deraign plaintiff's respective titles.

6. Refusal to order a bill of particulars to be furnished is not error, unless abuse of discretion is shown.

7. Where allegations touching laches, the statute of limitations, and estoppel were denied by the replication, but the evidence was not preserved in the record, the trial court's finding on these questions will not be disturbed on appeal.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

ACTION by Calvin Beach, an insane person, by Elizur Beach, his guardian, and others, against the Spokane Ranch & Water Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Messrs. Sanders & Sanders* and *Messrs. Toole & Bach,* for Appellant.

*Messrs. McConnell & McConnell,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

Three aspects of this cause are reported in 21 Montana, at pages 7 and 184, and *ante,* page 367 (52 Pac. 560, 53 Pac. 495, 65 Pac. 106).

McClellan creek, from which the defendant diverts water, empties into Prickly Pear creek at a point above the places where the plaintiffs divert the waters used by them. The plaintiffs are owners in severalty of divers parcels of land and of the water rights used thereon, and by this action sought a decree declaring that their rights to the use of the waters of Prickly Pear creek are prior and superior to the right of the defendant

to use the waters of McClellan creek, and perpetually enjoining the defendant from diverting any of the waters of the tributary stream until the rights of the plaintiffs shall have been first satisfied. The relative priorities among the plaintiffs themselves were also sought to be established. The court found that all the water rights asserted by the plaintiffs, except one right owned by Harlow and Whitney, were superior to the right of the defendant, and that the plaintiffs were entitled to an injunction as prayed for. The relative rights of the respective plaintiffs *inter sese* were also determined, but, as such determination in no wise concerns the defendant, it will not be further noticed. Judgment was entered in accordance with the findings, and the defendant prosecutes the present appeal.

1. A demurrer to the complaint was overruled, and this is specified as error. The first ground of demurrer was that the court had no jurisdiction of the subject of the action. With respect to this ground of demurrer it is enough to say that the district court is a superior court of general jurisdiction, and, unless want of jurisdiction of the subject-matter affirmatively appears, the presumption must be indulged that it possesses jurisdiction. Inspection of the face of the complaint does not disclose lack of jurisdiction. We pass the objection that the complaint fails to state facts sufficient to constitute a cause of action with the remark that this ground is not mentioned in that part of defendant's brief devoted to the argument, and seems to be untenable.

2. Another ground of the demurrer was that several causes of action had been improperly united, in that the plaintiffs' causes of action were several and not joint. Counsel argue that because the complaint alleges ownership in severalty of the lands which they desire to irrigate, and rights in severalty to the use of the waters of Prickly Pear creek, the plaintiffs have no common interest in the subject of the action or in the relief granted. But we think it is manifest that the plaintiffs have a community of interest both in the subject of the action and in obtaining the relief demanded, and hence properly

united. In reaching this conclusion the provisions of Section 1891 of the Civil Code,* if applicable, need not be invoked. While persons may not, in the absence of a statute permitting it, join as plaintiffs in an action for damages unless there is a community of interest in respect of the injury suffered (as was practically declared in *Miles* v. *Du Bey,* 15 Montana, 340, 39 Pac. 313), the rule is and always has been that those having a common interest in the subject of the action and in preventing the defendant from doing that which will cause injury to them severally, may join as plaintiffs in a suit the object of which is to restrain him. In so far as the question of misjoinder of plaintiffs and improper union of causes is involved and the defendant is concerned, the subject of the action as stated by the complaint in the present case may be defined to be the alleged right of the plaintiffs as against the defendant to have the waters of Prickly Pear and McClellan creeks, to the extent of their appropriations, flow to their respective headgates or points of diversion,—in other words, the right to restrain the defendant from depriving the plaintiffs of the use of the waters claimed by them. The object of the action is to obtain the injunction,—the ultimate relief sought. The cause of action is the threatened wrong,—the anticipated invasion of the right. Though without community of interest in the resulting injuries, they would be commonly affected by the defendant's diversion of the waters. They were alike, or commonly, interested in preventing the defendant from diminishing the volume of water to the use of which they were entitled, and

---

*"Sec. 1891. In any action hereafter commenced for the protection of rights acquired to water under the laws of this state, the plaintiff may make any or all persons who have diverted water from the same stream or souce parties to such action, and the court may in one judgment settle the relative priorities and rights of all the parties to such action. When damages are claimed for the wrongful diversion of water in any such action, the same may be assessed and apportioned by the jury in their verdicts, and judgment thereon may be entered for or against one or more of several plaintiffs, or for or against one or more of several defendants, and may determine the ultimate rights of the parties between themselves. In any action concerning joint water rights, or joint rights in water ditches, unless partition of the same is asked by parties to the action, the court shall hear and determine such controversy as if the same were several as well as joint."

might treat the wrong threatened by the defendant as a single cause of action, though each could maintain a suit in his own behalf alone. Two or more several owners of mills propelled by water are (to adopt the language of Section 76 of Bliss on Code Pleading) "interested in preventing an obstruction above that shall interfere with the down-flow of the water, and may unite to restrain or abate it as a nuisance; but they cannot hence unite in an action for damages, for, as to the injury suffered, there is no community of interest. There is no more a common interest than though a carrier had at one time carelessly destroyed property belonging to different persons or the lives of different passengers. The abatement or prevention of the nuisance involves but a single judgment, in obtaining which all the mill owners are interested, and by which they are all benefited; but, to enable them to unite in an action for their several damages, there must be some connection,—something in which they have a common interest." The same principle governed and was declared in *Foreman* v. *Boyle,* 88 California, 290 (26 Pac. 94) ; *Belknap* v. *Trimble,* 3 Paige, 577 ; *Emery* v. *Erskine,* 66 Barbour, 9 ; *Peck* v. *Elder,* 3 Sandford, 126 ; *Tate* v. *Railroad Co.,* 10 Indiana, 174 (71 Am. Dec. 309) ; and *Taylor* v. *Bay City Street Railway Co.,* 80 Michigan, 77 (45 N. W. 335),—and seems to have received general recognition; indeed, it is so clearly correct that the citation of cases in its support is hardly necessary.

3. It was also stated as a ground of demurrer that there was a defect of parties in that the plaintiffs had not brought into court all the claimants of the water of Prickly Pear and McClellan creeks, to the end that the waters might be properly distributed according to the several rights of each. The matter of the objection does not appear upon the face of the complaint, and hence could not be presented by demurrer. The answer, however, alleged that other persons were interested in the waters of Prickly Pear and McClellan creeks and were necessary parties to the determination of the rights of the plaintiffs and defendant; but it did not state facts sufficient to show that such

other persons were necessary parties, and these allegations were stricken out. In this there was no error. The statute does not require all persons who take water from the same source or stream to be made parties before a judgment may be rendered fixing the rights among the parties before the court. Counsel for the defendant fail to distinguish between the absence of necessary parties and the absence of those persons who are merely proper parties. "Defect of parties" means the absence of one or more of the necessary parties.

4. The next ground of demurrer is that the complaint is uncertain in that it omitted to describe definitely the particular appropriations under which the plaintiffs claimed,—in short, the defendant insists that the plaintiffs should have deraigned their several titles. We think the complaint is not subject to the objection. It alleges the dates and amounts of the appropriations made by the predecessors in interest of the plaintiffs, the actual and continuous use of the waters, and such other matters as are usually stated in complaints of like character, and we perceive no legal necessity for the plaintiffs further to particularize the genesis and continuity of their titles.

5. The defendant applied, upon affidavits, for a bill of particulars describing the lands alleged in the complaint to be owned by the respective plaintiffs, and stating who were the original appropriators of the several water rights asserted by the plaintiffs. If it be conceded that bills of particulars may be ordered to be furnished in actions where equitable relief only can be granted, it is nevertheless within the sound discretion of the court whether such a bill will be required, and unless an abuse of the discretion is shown it cannot be said that the court erred in refusing the application. It does not appear that in the present instance there was an abuse of discretion.

6. The defendant pleaded laches on the part of the plaintiffs in asserting their rights to the use of the waters, interposed the defense of adverse user by the defendant of the water in dispute for the period prescribed by the statute of limitations, and pleaded or attempted to plead an estoppel. The allegations

touching laches, the statute of limitations, and estoppel, are denied by the replication. The court found against each of these pleas, and since the evidence is not preserved in the record we are unable to consider the question whether it was sufficient to justify the findings, even if such inquiry may be made on appeal from a judgment. We are restricted to the inquiry whether the findings support the judgment; that they do, does not admit of doubt.

The other matters of which the defendant complains do not require special mention. We discover no prejudicial error in the judgment roll.

The judgment is affirmed.

*Affirmed.*