## ROBISON *v.* MATHIS
### No. 2656
April 6, 1925.                                       234 P. 690.

1. PLEADING—DEMURRER FOR UNCERTAINTY WAIVED BY ANSWER-
   ING.
   Right to rely on demurrer to complaint on ground of uncer-
   tainty is waived by answering, on demurrer being overruled.

2. WATERS AND WATER COURSES—COMPLAINT, ALLEGING ULTIMATE
   FACTS SHOWING OWNERSHIP OF WATER RIGHT AND UNLAWFUL
   INTERFERENCE, SUFFICIENT.
   Complaint to establish right to use of certain quantity of
   water for watering sheep, and to enjoin interference there-
   with, need allege only ultimate facts showing plaintiffs'
   ownership of such right and unlawful interference therewith;
   and allegations of how plaintiffs appropriated the waters, and
   the nature and size of their means of appropriation, are
   unnecessary.

3. WATERS AND WATER COURSES—COMPLAINT HELD TO STATE
   ULTIMATE FACTS SHOWING OWNERSHIP OF WATER RIGHT.
   The allegations of complaint of a valid appropriation by
   plaintiffs' predecessors in interest, namely, of waters subject to
   appropriation, application of such waters to a beneficial use,
   the watering of approximately 2,500 head of sheep, and a
   continuation of such use between May and November of each
   year from before 1905 to 1921, when their right to the use was
   conveyed to plaintiffs, are not legal conclusions, but state-
   ments of ultimate facts showing ownership in plaintiffs of
   the use of the described waters.

4. WATERS AND WATER COURSES—COMPLAINT NEED NOT SET OUT
   WATER RIGHT BY STANDARD OF MEASUREMENT.
   In the absence of statute requiring plaintiffs' claimed water
   right to be set out in the complaint by a certain standard of
   measurement, such an allegation is unnecessary.

5. PLEADING—OBJECTION TO COMPLAINT FOR UNCERTAINTY WAIVED
   BY ANSWERING.
   Any objection for uncertainty to the description, in the com-
   plaint, of plaintiffs' water right as sufficient to water approxi-
   mately 2,500 sheep, was waived when defendant answered on
   demurrer to complaint being overruled.

6. WATERS AND WATER COURSES—RISK OF PERMANENT LOSS OF
   RIGHT TO USE WATERS AUTHORIZING INJUNCTION HELD TO
   APPEAR FROM COMPLAINT.
   Risk of permanent loss by plaintiffs of their right to use of
   the waters, authorizing injunction, *held* to appear from com-
   plaint, in view of alleged interference with right and threat to
   continue it, and defendant's use of the water, inferably under
   claim of right, which could by lapse of time become the foun-
   dation of an adverse right in defendant.

7. APPEAL AND ERROR—POINT NOT DISCUSSED IN BRIEF, OTHER THAN
   TO ALLEGE ERROR, DEEMED WAIVED.
   Claimed errors in rulings on pleadings not being supported
   by argument or discussed in brief, further than the mere state-
   ment of error, will be deemed waived.

8. APPEAL AND ERROR—ASSIGNED ERROR IN STRIKING OUT PORTION OF ANSWER DISREGARDED, NOTICE OF MOTION TO STRIKE NOT APPEARING IN BILL OF EXCEPTIONS.

Assigned error in striking out portion of answer must be disregarded; notice of motion to strike, enabling the appellate court to know what portion of the answer was stricken, not being before it in a bill of exceptions.

9. APPEAL AND ERROR—NOTICE AMONG PAPERS CONSTITUTING JUDGMENT ROLL, BUT NOT PROPERLY PART OF IT, DISREGARDED.

Notice of motion to strike portion of answer, though appearing among the papers constituting the judgment roll, not being properly a part of it, must be disregarded.

10. WATERS AND WATER COURSES—JUDGMENT ESTABLISHING WATER RIGHT HELD SUFFICIENTLY CERTAIN AS TO QUANTITY.

Judgment decreeing plaintiffs to be the owners of the right to the use of the waters of a certain spring to water, at plaintiffs' troughs and reservoir near there, 2,500 head of sheep at all times between certain months of each year, *held* sufficiently certain as to the quantity of water to which plaintiffs were entitled, where defendant made no claim to the water adverse to plaintiffs, and did not set up a right to use it and ask to have the right defined, but merely denied plaintiffs' claim, and so is unaffected by any uncertainty.

11. APPEAL AND ERROR—EVERY INTENDMENT TO BE DRAWN IN FAVOR OF JUDGMENT, ON APPEAL ON JUDGMENT ROLL.

Appeal being on the judgment roll, so that the evidence is not before the court, every intendment is to be drawn in favor of the judgment.

12. APPEAL AND ERROR—IN ABSENCE OF EVIDENCE TO CONTRARY, METHOD OF USING APPROPRIATED WATER SET OUT IN COMPLAINT AND JUDGMENT MUST BE DEEMED SUFFICIENTLY ECONOMICAL.

Plaintiffs' means of utilizing their right by appropriation to the use of the waters of a spring to a certain amount, being set out in the complaint and judgment for plaintiffs in action to quiet title to the right, must, in absence of evidence to the contrary, be deemed a sufficiently economical method to accomplish that purpose and leave any surplus available for appropriation by others.

See (1, 5) 31 Cyc. p. 719, n. 78; p. 727, n. 38; (2, 3, 4, 6, 10) 40 Cyc. p. 732, n. 14, 18; p. 733, n. 21 (new) ; p. 736, n. 54; p. 739, n. 80; (7, 8, 9, 11, 12) 3 C. J. sec. 1591, p. 1428, n. 50, 53; 4 C. J. sec. 1828, p. 226, n. 59; sec. 2363, p. 554, n. 37; sec. 2665, p. 735, n. 27; sec. 2677, p. 745, n. 71.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Action by James F. Robison and others against Thomas Mathis. Judgment for plaintiffs, and defendant appeals. **Affirmed.**

*J. M. Lockhart* and *C. A. Eddy,* for Appellant:

To establish alleged water rights complaint should state fully all facts concerning appropriation, means, and amount of water appropriated in some standard measurement. Stats. 1913, 193; Ramelli v. Sorge, 38 Nev. 552; Town of Sterling v. Ditch Co., 94 P. 339. Facts and not legal conclusions should be stated in order to determine whether valid appropriation was made. Farmers etc. Co. v. Southworth, 21 P. 1028; Rev. Laws, 5038.

Claim that plaintiff is entitled to all water in creek during dry season is too indefinite. Porter v. Pettengill, 110 P. 393.

It is not sufficient to allege mere priority of right. This is legal conclusion. One must aver all substantive facts constituting such priority. Church v. Stillwell, 54 P. 395.

Complaint for injunction is bad if it does not state how irreparable injury will be done. Willie v. Lauridson, 118 P. 530; Thorn v. Sweeney, 12 Nev. 256; Mechanics Foundry Co. v. Ryall, 17 P. 703.

Public domain is used for pasture at sufferance of federal government and not through any rights granted to anyone. Sifers v. Johnson, 65 P. 710.

Statute allows plea of several defenses. Rev. Laws, 5050.

New matter constituting defense, no matter how named, may be pleaded. Rev. Laws, 5050, 5046; Yori v. Phenix, 38 Nev. 277.

*Chandler & Quayle,* for Respondents:

Any error in overruling demurrer is waived by pleading over, except only as to lack of jurisdiction and question as to failure to state cause of action or defense. Lonkey v. Wells, 16 Nev. 271; Harden v. Emmons, 24 Nev. 329.

Assuming there was uncertainty in statement of quantity of water diverted, there was attempt made to state it and not total failure of allegation, and any lack of definiteness should have been reached by demurrer.

Amount of land which could be irrigated is not too indefinite a description. Church v. Stillwell, 54 P. 395; Roeder v. Stein, 23 Nev. 92.

Right to use water is real property. In action to quiet title to real property it is not necessary that steps by which title was secured be stated, but it is sufficient to allege ultimate facts showing ownership, leaving deraignment to be established by evidence. Wiel on Water Rights in Western States (3d ed.), 694; Town of Sterling v. Ditch Co., 94 P. 339.

Although decree was erroneous in allowing respondents all water in their ditch, irrespective of season's necessity, and it had to be modified by eliminating all directions touching any fixed quantity of water to be taken, yet error did not affect verdict and would not necessitate reversal. Gotelli v. Cardelli, 26 Nev. 382.

Were it not for Ramelli v. Sorgi, 38 Nev. 352, our decisions would strongly preponderate against proposition that judgment should specify precise quantity of water to be awarded for irrigating purposes, since Walsh v. Wallace, 26 Nev. 290, was apparently repudiated by later case of Gotelli v. Cardelli, supra.

## OPINION

By the Court, DUCKER, J.:

This is an action to quiet title to the right of the use of the waters of a certain spring, for the purpose of watering 2,500 head of sheep. The spring is known as "Watkins Spring" and is situated in White Pine County, Nevada. Judgment was rendered for plaintiffs. The appeal is taken from the judgment. We will refer to the parties as plaintiffs and defendant.

Plaintiffs' statement in the brief of the substance of the complaint is concise, and, for convenience, is adopted. It is alleged in the complaint that Watkins Spring is a natural source and spring of water from which, in its natural state, a small stream of water flows in a well-defined channel; that prior to the year 1905, and a time when the waters of the spring were

unappropriated, plaintiffs' predecessors in interest appropriated, diverted, and used the said waters for watering approximately 2,500 head of sheep; that to the end of so beneficially using the waters of said spring, they constructed near said spring impounding facilities suitable for watering of said sheep, and diverted the waters of said spring into said impounding facilities, and used the said water for watering said sheep, and continued to so water said sheep from the waters of said spring during the grazing season, that is, between April and November of each year, since the appropriation and diversion were so made until the year 1921, when they conveyed their right to plaintiffs, and the plaintiffs ever since have been and are now the owners of the right to use sufficient water of and from said spring to water 2,500 head of sheep; that defendant has wrongfully inclosed the spring and plaintiffs' impounding facilities by fence, and refuses to permit plaintiffs to water their sheep therefrom and is using it for his own benefit for the irrigation of certain lands, and threatens to continue to do so; that on July 25, 1921, plaintiffs attempted to so water not exceeding 2,500 head of sheep, but defendant wrongfully closed and locked the gate in said fence and refused to open it, personally took a position near plaintiffs' water troughs, and forbade plaintiffs to open the gate or to water the sheep from said water troughs or from the waters of the spring, and wrongfully prevented plaintiffs from so doing, and informed plaintiffs that he would not permit them to so water any sheep in the future; that defendant threatens to prevent such watering by the use of violence if necessary; that if defendant persists in so preventing such watering of plaintiffs' sheep as he threatens to do unless enjoined by the court, plaintiffs' right to the use of the water will be permanently lost and plaintiffs will be compelled to abandon a large and valuable sheep range surrounding the spring and used for many years by plaintiffs' predecessors, and which plaintiffs have the right to use, but which can only be utilized by watering the sheep at Watkins Spring; that

by the loss of the right to use the waters of the spring, plaintiffs will suffer irreparable injury; that plaintiffs have no plain, speedy, or adequate remedy at law. Plaintiffs prayed that their title to the right to use the water be quieted, for an injunction, temporary and permanent, for costs, and general relief.

Defendant demurred to the complaint for insufficiency of facts to state a cause of action, and also on the ground that it is ambiguous, unintelligible, and uncertain in these respects, to wit: That it failed to specify the amount of water flowing from the spring; the amount necessary to water 2,500 head of sheep; the amount used therefor; whether all was necessary all of the time or any part of the time; or whether or not there is a surplus of water flowing from the spring more than is necessary to water 2,500 head of sheep; that it does not specify the character of plaintiffs' watering facilities, or the nature of plaintiffs' right to the sheep range, claimed in the complaint.

The demurrer was overruled, and defendant filed an answer in which the material allegations of the complaint are denied. The answer contains an affirmative defense in which it is alleged that Watkins Spring is located on land comprising a United States homestead entry made by the defendant in November, 1920; that defendant entered upon the land on or about July 1, 1918, when it was unsurveyed public domain of the United States, and then and there established his home thereon, and ever since said date has continuously resided thereon with his family; that the Watkins Spring is an artificial well fed by the percolating waters under the homestead premises, collected by means of artificial channels, and does not flow off or from the homestead premises; and that the waters thereof are the property of defendant, and belong to the soil of defendant's homestead. The answer also contains what is called a cross-complaint, setting up two causes of action against plaintiffs, in the first of which it was sought to recover damages from plaintiffs on account of the alleged herding and grazing of their sheep within

the one-mile limit of defendant's said home on or about the 3d day of August, 1920, and on numerous occasions thereafter. In the second cause of action alleged in said cross-complaint, it was sought to recover damages from the plaintiffs for trespass in herding and grazing their sheep on the said land of defendant in the month of August, 1920, and on numerous occasions thereafter.

Plaintiffs demurred to the affirmative defense on the ground that it failed to state a cause of action, and demurred to the alleged causes of action in the cross-complaint on the ground that they were not pleadable as counterclaims in this action. Plaintiffs also made a motion to strike a portion of the answer. The demurrers to the answer were sustained, and the motions to strike granted. Whereupon, defendant filed an amended answer, in which the material allegations of the complaint are specifically denied. The defendant demanded a jury trial, which was denied by the court. Thereafter the case was tried by the court, which made its findings of fact and conclusions of law in favor of plaintiffs, and entered judgment and decree in their favor decreeing that they are the owners of the right to use sufficient waters of Watkins Spring to water at plaintiffs' watering troughs, and at the reservoir near said spring, 2,500 head of sheep, at any and all times between the months of April and November of each year, and that defendant has no right, title, or interest in said waters adverse to the said rights of plaintiffs. It was also adjudged and decreed that plaintiffs' said right had vested and accrued in plaintiffs' predecessors in interest prior to the year 1905 and prior to the homestead entry, and that said homestead right of defendant is subject to said vested and accrued water right of plaintiffs, and subject to the right of plaintiffs to maintain said watering troughs and reservoirs thereon, and to have access thereto at all times between the months of April and November of each year for the purpose of watering 2,500 head of sheep. It was also adjudged:

"That in order to enable plaintiffs to exercise said watering right and their said right of access without

undue friction between plaintiffs and defendant, and with as little damage to defendant as practicable, the defendant shall, on or before the 1st day of April, 1924, construct, and thereafter maintain in good repair and condition, a sheep-proof fence along certain specified lines and courses inclosing a small tract of land over which plaintiffs' sheep might enter for watering, and leave without damage to defendant's premises; and that on the failure of defendant to construct such a fence the plaintiffs could, at their option, build and construct the same."

Defendant was permanently enjoined from interfering with the right decreed to plaintiff.

1, 2. Error is assigned in the overruling of the demurrer to the complaint. As heretofore specified in the statement of facts, the demurrer sets out several deficiencies of the complaint wherein it is alleged that it is ambiguous, unintelligible, and uncertain. If the complaint is merely uncertain as to these matters, the defendant waived his right to rely upon his demurrers on this ground by answering. Lonkey v. Wells, 16 Nev. 271; Hardin v. Elkus, 24 Nev. 329, 53 P. 854. But these matters are now asserted against the sufficiency of the complaint. It is insisted that the complaint is fatally defective in not alleging all of the facts as to how plaintiffs' predecessors in interest appropriated the waters claimed, the nature and size of their means of appropriation, and the quantity of water appropriated according to the standard of measurement prescribed by the legislature of the state. It is not necessary to state these matters in the complaint.

The action was instituted for the purpose of obtaining a decree establishing plaintiffs' right to the use of a certain quantity of water for watering sheep, and for an injunction restraining defendant from interfering with that right. Only allegations of ultimate facts showing the ownership of such right by plaintiffs, and the unlawful interference therewith, were essential, and these appear in the complaint.

3. It alleges a valid appropriation by plaintiffs'

predecessors in interest, namely, an appropriation by them of waters subject to appropriation. It alleges the application of such waters to a beneficial use, viz., for the watering of approximately 2,500 head of sheep, and a continuation of such use between the months of April and November of each year from a time prior to the year 1905 until the year 1921, when their right to the use was conveyed to plaintiffs. These are not legal conclusions, but the statements of ultimate facts showing ownership of the right to the use of the waters described in the complaint in plaintiffs. The additional matters held essential in the Colorado cases cited by counsel for defendant are probative only. Wiel on Water Rights in Western States. See, also, Hague v. Nephi etc., Co., 16 Utah, 421, 52 P. 765, 41 L. R. A. 311, 67 Am. St. Rep. 634; Reach v. Spokane R. W. Co., 25 Mont. 379, 65 P. 111.

4, 5. The complaint is not deficient in not stating the quantity of water to which plaintiffs have the right. The quantity is stated as sufficient to water approximately 2,500 head of sheep. In the absence of a statute requiring a plaintiff's claimed water right to be set out in the complaint by a certain standard of measurement, such an allegation is unnecessary. Whatever objection there may have been to the description of the water right as sufficient to water approximately 2,500 head of sheep, for uncertainty, was waived when the defendant answered.

6. There is no merit in the claim that the complaint does not warrant an injunction, because it fails to show that the plaintiffs will be irreparably injured unless the defendant is restrained from interfering with the alleged water right. Defendant's interference with plaintiffs' right to the use of the waters of the spring, his threat to continue such interference, and his use of said waters for his own benefit for the irrigation of lands, which are alleged in the complaint, and which, it is inferable, were under a claim of right, could become, by the lapse of time, the foundation for an adverse right in the defendant. The risk of a permanent loss by

the plaintiffs of their right to the use of the waters, therefore, appeared from the complaint and authorized the injunction.

7.    In the opening brief filed by counsel for defendant appears the statement that the court erred in striking from defendant's answer his separate and affirmative defense.    An examination of the record reveals that this statement is not correct.    The court did not strike said defense, but sustained plaintiffs' demurrer to it.    However, further than the mere statement of error, and the assertion that the matter stated constituted a legal defense, the point is not discussed either in the opening or closing brief, and must therefore be deemed waived. State v. King, 35 Nev. 154, 126 P. 880; In Re Hegarty's Estate, 45 Nev. 145, 199 P. 81.    This court will not be concerned with alleged errors which counsel do not consider worthy of discussion.    The errors alleged to have been committed by the court in striking the cross-complaint from defendant's answer, and in sustaining plaintiffs' motion to strike out a portion of the original answer, are also unsupported by any argument in the briefs; counsel contenting themselves with the mere statements of error.    Hence they are deemed waived. The court did not strike the so-called cross-complaint, but sustained plaintiffs' demurrer to the cause of action stated in it.

8, 9.    We must also disregard the error assigned in the court's ruling in striking out a portion of the original answer for another reason.    The notice of motion to strike, enabling us to know what portion of the answer was stricken, is not before us in a bill of exceptions.    True, it appears among the papers constituting the judgment roll in this case; but as it is not properly a part of the judgment roll, it must be disregarded.

10-12.    It is asserted that the judgment is so indefinite that it is null and void and cannot be enforced.    The judgment decreed that plaintiffs are the owners of the right to use sufficient of the waters of Watkins Spring to water, at plaintiffs' watering troughs and at the

reservoir near said springs, 2,500 head of sheep at any and all times between the months of April and November of each year. Uncertainty as to the quantity of water to which plaintiffs are entitled is the ground of the objection. In support of this contention, former cases in this court touching upon the necessity of certainty of the quantity of water decreed to a claimant are cited by defendant. These cases were decided upon a different state of facts. They are all cases in which the defendant was affirmatively asserting certain rights to the use of waters of a stream as against the plaintiff. In such a case, it is essential that the right or rights found be defined in quantity with as much certainty as possible, to the end that future litigation in regard thereto be avoided. Without intimating whether, in a case of that character, the decree before us would be sufficiently certain as to the quantity of water awarded, we are of the opinion that it is not objectionable in this regard under the facts of this case. Here the defendant makes no claim to the waters of the spring adverse to the plaintiffs. In his amended answer he did not set up a right to the use of the water and ask to have such right defined and awarded, but contented himself with denying plaintiffs' claim. He is therefore unaffected by the uncertainty which he alleges against the judgment. Moreover, as this appeal is on the judgment roll, the evidence is not before us, and every intendment must be drawn in favor of the judgment. Plaintiffs' means of utilizing their right to the use of the waters of the spring are set out in the complaint and judgment, and must, in the absence of evidence to the contrary, be deemed a sufficiently economical method to accomplish that purpose and leave any surplus available for appropriation and use by the defendant, or others.

Under the circumstances of this case it is not essential to the validity of the judgment that plaintiffs' right be measured by the legal standard for measurement of water in this state.

Defendant assigns as error the means prescribed in

the judgment for securing to plaintiffs a passage for their sheep to and from their troughs and reservoir; but as the alleged error is not discussed in the briefs it must be deemed waived.

The judgment is affirmed.