HOME LUMBER & COAL COMPANY, A CORPORATION, RESPONDENT, v. HARTFORD MINING COMPANY, A CORPORATION, GEORGE DRYSDALE, HOWARD W. SQUIRES, H. W. SQUIRES, JR., ET AL., APPELLANTS.

No. 3218

August 5, 1938.                    81 P.(2d) 1063.

362

*G. A. Ballard,* for Appellants:

*Morley Griswold* and *George L. Vargas,* for Respondent:

## OPINION

By the Court, COLEMAN, C. J.:

Plaintiff, respondent here, brought suit to foreclose two mechanic's liens, one assigned to it by Commercial Hardware Company. None of the defendants appeared except Hartford Mining Company, and judgment was rendered against it alone upon both causes of action, from which, and the order denying defendant's motion for a new trial, an appeal has been taken.

The defendant denied the allegations, in the two causes of action, of sale and delivery of merchandise for which lien and judgment were sought.

Defendant assigned four errors to rulings of the trial court. The first error assigned is that the court erred in overruling the demurrer to the complaint and the motion to strike portions of the complaint.

It appears from the record in this case that the demurrer and the motion to strike were filed on March 26, 1937, and that on April 3, 1937, eight days thereafter, the defendant filed its answer. It nowhere appears from the record that the court ever ruled upon the demurrer and the motion to strike, hence it must be conclusively presumed that both the demurrer and motion to strike were waived. Bliss v. Sneath, 103 Cal. 43, 36 P. 1029; 21 Cal. Jur. p. 129, n. 3; 49 C. J. p. 447, sec. 554.

Furthermore, defendant does not argue this assignment in his briefs, hence it must be deemed waived for this additional reason. Robison v. Mathis, 49 Nev. 35, 234 P. 690.

We will next consider the contention that the evidence is unsufficient to support the findings and judgment.

The record shows that as to the items making up the first cause of action, it is composed of two accounts, one for supplies sold by plaintiff directly to Hartford Mining Company between May 26, 1934, and October 8, 1935, amounting to $210.62, and the other for supplies sold to Mr. Squires, from April 7, 1936, to August 10, 1936, amounting to $833.68.

■■ It is insisted that the court erred in overruling the objection to the introduction of the ledger sheets upon which were kept the various accounts upon which recovery is sought in support of the respective causes of action. The ledger sheets were objected to upon the ground that no foundation was laid as a basis for admitting them in evidence as a book of original entry.

The correct rule applicable to the question before us is stated in the case of Chan Kiu Sing v. Gordon, 171 Cal. 28, 151 P. 657, in which Wigmore and other authors are cited to support the text as follows:

"In order to lay the foundation for the admission of such evidence, it must be shown that the books in question are books of account kept in the regular course of the business; that the business is of a character in which it is proper or customary to keep such books; that the entries were either original entries or the first permanent entries of the transactions; that they were made at the time, or within reasonable proximity to the time of the respective transactions; and that the persons making them had personal knowledge of the transactions, or obtained such knowledge from a report regularly made to him by some other person employed in the business whose duty it was to make the same in the regular course of business."

We are of the opinion that the proper foundation was not laid for the admission of the ledger sheets. It was sought to lay the foundation for the introduction of the

ledger sheets by offering the testimony of Mr. Peterson, the manager of plaintiff company, without calling the bookkeeper who made the entries on the sheets and who was available as a witness.

Mr. Peterson also testified that it was not the custom to itemize the merchandise on the ledger sheets; that he removed the ledger sheets from the ledger himself.

Mr. Peterson also gave the following testimony:

"Q. Mr. Peterson, you say you personally check every sales slip that goes out of your office? A. Yes.

"Q. Do you check that with the load? A. No, I check the prices to see they are correct and I therefore look at every ticket that leaves that office."

From this testimony of Mr. Peterson it appears that he did not check the items of merchandise listed, or know anything more about what appeared on the slip than that the price was correct.

Thus it appears there is no basis established upon which the claim of plaintiff can be sustained as to these items.

■ The court held that the plaintiff is not entitled to a lien for the supplies alleged to have been sold directly to defendant company, amounting to $210.62. In this the court was right, for at least one reason, namely, no lien claim was filed within the ninety days' time fixed by statute (sec. 3739 N. C. L.), after the last delivery to the company on October 8, 1935. There was a break in the transactions at this point, as testified to by Mr. Peterson, witness for plaintiff.

We are now to consider the claim assigned by the Commercial Hardware Company. Of this claim there is an item of $288.89 for merchandise sold to the Hartford Mining Company, contracted between October 14, 1933, and November 1, 1935, and an item of $1,030.88 for merchandise sold to Squires between April 3, 1936, and August 29, 1936. As to the first item, the situation is identical to that of the first item of $210.62 in the first cause of action, namely, that no lien can be

maintained as to it because no lien statement was filed in apt time, and the trial court so held.

■ It is also contended that the court erred in over-ruling defendant's objection to the ledger sheets offered in evidence in support of this cause of action, upon the same theory as that urged to the ledger sheets admitted to support the first cause of action. We think the contention good. Mr. Horgan, who testified as to the ledger sheets, did not testify that he was the bookkeeper, nor was there any evidence given showing that the bookkeeper could not be produced. The evidence falls short of the requirements otherwise. For instance, there is no showing that the person who made the ledger entries had personal knowledge of the transaction, or obtained such knowledge in compliance with the rule.

It is also urged that there is no showing that the items embraced in the claim of Commercial Hardware Company for merchandise sold to Squires are lienable. We are not entirely satisfied, under the evidence, as to this contention. The evidence is not as persuasive as it might be.

■ It is also contended that the court erred in decree-ing a lien upon the property of the defendant company in behalf of the plaintiff, on account of the articles sold to the lessee. In this contention defendant is clearly right. The liens filed are against all of the defendants jointly as owners of the property in question. The complaint avers sales to all of the defendants jointly, as to both causes of action. Nowhere in the complaint is it averred that a lease was ever given by defendant company to anyone or that the property was operated by anyone as a lessee. There is no allegation in the complaint, or intimation, that the company was sought to be held liable because of sale of materials and supplies except as a joint purchaser.

■■ It is true that pursuant to section 9 of our lien act (sec. 3743 N. C. L.) a lessor is, in certain circum-stances, liable for labor and material furnished a lessee,

but when recovery is sought in such a situation the complaint should aver facts putting the defendant lessor on notice. The well-known rule applicable to the situation presented is stated in 49 C. J., p. 151, section 167, to which a long list of authorities is cited in note 43, as follows:

"Where a party relies for recovery upon a statute creating a liability where none existed before, he must state facts showing his right to recover under that statute."

It appears to be the practice in this jurisdiction to conform to this rule. Lamb v. Goldfield Lucky Boy M. Co., 37 Nev. 9, 138 P. 902; Tonopah Lumber Co. v. Nevada Amusement Co., 30 Nev. 445, 97 P. 636.

For the reasons given, the judgment and decree is in all things reversed and the cause remanded for further proceedings in accordance herewith, with leave to plaintiff to apply to the trial court in ten days for an order granting permission to amend its complaint.

### ON PETITION FOR REHEARING

November 5, 1938.                    93 P.(2d) 1049.

*G. A. Ballard,* for Appellant.

*Morley Griswold* and *George L. Vargas,* for Respondent.

## OPINION

By the Court, COLEMAN, C. J.:

■ Respondent has filed a petition for a rehearing as to the item of $210.62, of plaintiff's first cause of action, and the item of $288.89, of the second cause of action.

In support of the petition for rehearing it is said:

"This Honorable Court having declared in its opinion that the demurrer and motion to strike, filed on behalf of appellant, Hartford Mining Company, were waived, the sole remaining question upon which this petition for rehearing depends is whether or not there is competent evidence of the liability of defendant and appellant, Hartford Mining Company, for the items Two Hundred Ten Dollars and sixty-two cents ($210.62) and Two Hundred Eighty-eight Dollars and eighty-nine cents ($288.89). These obligations are expressly admitted in the testimony of Mr. George Drysdale, president and treasurer of the appellant, Hartford Mining Company. See pages 66 and 67, volume I, transcript on appeal, wherein the witness George Drysdale testified, as president and treasurer of the appellant, Hartford Mining Company, in substance: That the Hartford Mining Company had received statements of account from the Home Lumber and Coal Company and from the Commercial Hardware Company; that those statements were full, true and correct statements of materials furnished to the Hartford Mining Company. This testimony given by the president and treasurer of the appellant, Hartford Mining Company, sufficiently establishes the correctness of the items of Two Hundred Ten Dollars

and sixty-two cents ($210.62) and Two Hundred Eighty-eight Dollars and eighty-nine cents ($288.89) for which personal judgment was given against the appellant, Hartford Mining Company, without regard to the question of any error on the part of the trial court in admitting in evidence the ledger sheets of the respondent and of its assignor, the Commercial Hardware Company."

The foregoing statement seems conclusive at a mere glance, but we do not think the testimony of Drysdale supports the contention made. As to the statement which he received from the Home Lumber & Coal Company, the record reads:

"Q. I will ask you if you have ever received from the Home Lumber and Coal Company any statements for any materials furnished the Hartford Mining Company? A. Yes, I have.

"Q. Have you ever controverted or denied any of those statements? A. No, as far as the Hartford Mining Company.

"Q. They represent materials actually furnished? A. They do."

He further testified:

"Q. Did you ever have any occasion to deny or controvert those statements? A. No.

"Q. So far as you knew and believed, those statements were all full, true and correct statements of material furnished by the Commercial Hardware Company to the Hartford Mining Company? A. They are."

It must be kept in mind that the witness was testifying as to statement which he received months before the trial, in April 1937, and probably some months before the suit was brought, and not to any statement introduced in evidence. Furthermore, so far it appears from the record, no statement of either account was introduced in evidence. This being true, it can hardly be said that the contention is well founded.

■ Furthermore, the testimony of Drysdale was improperly admitted over objection, as no basis had been laid therefor, he having been called as a witness for plaintiff.

In view of the fact that a retrial will probably be had in this case, an opportunity will be afforded plaintiff to supply the necessary evidence.

Petition denied.