VERN R. WAITE, APPELLANT, *v.* HOWARD BURGESS, RESPONDENT

No. 3707

December 1, 1952.                    250 P.2d 919.

See also 69 Nev. 230, 245 P.2d 994.

*George E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Hawkins, Cannon and Coulthard,* of Las Vegas, for Respondent.

# OPINION

By the Court, EATHER, J.:

Howard Burgess, hereinafter called plaintiff, brought suit to recover the sum of $4,023.95 for work performed and materials furnished Vern R. Waite, hereinafter called defendant, in the construction of a dwelling house and garage in Las Vegas, Nevada.

The amended complaint after the usual formal matters, alleged that on or between August 15, 1948, and December 31, 1948, at the special instance and request of defendant, plaintiff performed work, labor and services for the defendant in the construction of a dwelling house and garage, and also purchased materials and supplies to be used and which were used in said construction, and employed labor to work on said construction; that there now remains due and owing from the defendant to plaintiff on said materials, supplies and labor, the unpaid balance of $4,023.95.

Appellant, defendant in the lower court, states that the entire basis of the appeal is the contention that respondent, plaintiff in the lower court, failed wholly and completely to comply with sec. 1474.32A, N.C.L. 1943–1949 Supp., and is therefore prevented from bringing and maintaining the within action. That section

deals with the necessity for holding a contractor's license.

The action was tried without a jury and on February 29, 1952, judgment was rendered in favor of the plaintiff. From that judgment this appeal is taken.

The parties stipulated to waive oral argument and to submit the appeal on briefs, and it was so ordered.

The appeal is upon the judgment roll alone so we do not have any evidence before us. Therefore it is necessary for us to be guided by the findings of fact and conclusions of law filed by the presiding judge in the lower court.

The court found that the plaintiff was duly licensed by the Nevada state contractors board as a contractor and builder within the State of Nevada during and for the year 1948, said license being license No. 1937; that on and between August 16, 1948, and December 31, 1948, plaintiff performed work, labor and services for the defendant in and about the construction of a dwelling house and garage; that said services were performed by said plaintiff from August 16, 1948 to December 31, 1948;

"That the defendant failed to establish or prove that plaintiff was prohibited from bringing or maintaining the cause of action set forth in plaintiff's amended complaint as alleged in said defendant's separate, further and affirmative defense set forth in his answer to plaintiff's amended complaint, and defendant is entitled to no relief by reason of the matters and things alleged in his answer."

In our opinion the findings in this case are authorized by the pleadings and support the judgment rendered, since the appeal is on the judgment roll only.

As was stated in Hunter v. Sutton, 45 Nev. 430, 439, 205 P. 785, 787:

"The findings follow closely the averments of the complaint, and they contain specific findings negativing the

facts alleged in the answer of the defendant; they also seem to reflect the opinion of the trial court upon the evidence, the weight of the testimony, and its views as to the law applicable thereto."

In Robison v. Mathis, 49 Nev. 35, 45, 234 P. 690, 693, and again in Bushard and Redfield v. Washoe County, 68 Nev. 222, 231, 236 P.2d 793, 797, the court stated:

"* * * as this appeal is on the judgment roll the evidence is not before us, and every intendment must be drawn in favor of the judgment."

For the foregoing reasons the judgment of the trial court is affirmed and respondent is awarded his costs.

BADT, C. J., and MERRILL, J., concur.

ON PETITION FOR REHEARING
December 19, 1952.
*Per Curiam:*
**Rehearing denied.**